IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

       Plaintiffs,

v.                                                                                No. 1:21-cv-00690-JB-SCY

THE JOURNAL PUBLISHING COMPANY
d/b/a THE ALBUQUERQUE JOURNAL, et al.,

       Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Motion for Copyright Impoundment and Temporary Restraining Order ["TRO"] or Preliminary Injunction, Doc. 2, filed July 26, 2021 ("TRO Motion"). For the reasons discussed below, the undersigned recommends that the Court: (i) **DENY** Plaintiffs' request for a TRO; and (ii) **DEFER** ruling on Plaintiffs' request for a preliminary injunction.

**Procedural Background**

On July 26, 2021, Plaintiffs filed a Complaint for Copyright Violation, Theft and Conversion, Trespass, Defamation, Invasion of Privacy and False Light, Declaratory Relief, with Demand for Jury Trial. See Doc. 1 ("Complaint"). Plaintiffs allege that Defendant Albuquerque Journal published defamatory statements about Plaintiffs, that other Defendants trespassed on Plaintiffs' property, and that a photograph "was stolen from a frame in their home and was used contrary to Plaintiff Jacobs' ownership, copyright and without his knowledge and permission."

---

[1] On July 28, 2021, United States District Judge James O. Browning entered an Order of Reference referring this case to the undersigned to "conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 6.

    (iv)    halt any and all activities going forward involving Plaintiff Jacobs' Cannes photograph and all unauthorized photographs; and

    (v)    to provide the Court and Plaintiffs with documentary evidence that all of the above has been accomplished.

TRO Motion at 9-10.

**Relevant Law Regarding Temporary Restraining Orders**

The Court has recently discussed the relevant law regarding TROs:

The requirements for a TRO issuance are essentially the same as those for a preliminary injunction order. See People's Trust Fed. Credit Union v. Nat'l Credit Union Admin. Bd., 350 F. Supp. 3d 1129, 1138 (D.N.M. 2018)(Browning, J.); 13 Moore's Federal Practice ¶ 65.36(1), at 65-83 (3d ed. 2004). The primary differences between a TRO and a preliminary injunction are that a TRO may issue without notice to the opposing party and that TROs are limited in duration to fourteen days. See Fed. R. Civ. P. 65(b)(1)-(2). In both cases, however, injunctive relief is an "extraordinary remedy," and the movant must demonstrate a "clear and unequivocal right" to have a request granted. Greater Yellowstone Coalition v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003)). See Herrera v. Santa Fe Pub. Sch., 792 F. Supp. 2d at 1181. The Supreme Court of the United States and the United States Court of Appeals for the Tenth Circuit have explained that "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). See Keirnan v. Utah Transit Auth., 339 F.3d 1217, 1220 (10th Cir. 2003)("'In issuing a preliminary injunction, a court is primarily attempting to preserve the power to render a meaningful decision on the merits.'")(quoting Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986)).

To establish its right to a temporary restraining order under rule 65(b), a moving party must demonstrate that "immediate and irreparable injury, loss, or damage will result" unless a court issues the order. Fed. R. Civ. P. 65(b). "[I]rreparable injury" is "harm that cannot be undone, such as by an award of compensatory damages or otherwise." Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d 1081, 1105 (10th Cir. 2003)(citing Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc., 805 F.2d at 355). A moving party must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)("Winter")(citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)); Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987); Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-12 (1982)).

The likelihood-of-success and irreparable-harm factors are "the most critical" in the analysis. Nken v. Holder, 556 U.S. 418, 434 (2009). It is insufficient, moreover, that a

>moving party demonstrate that there is only a "possibility" of either success on the merits or irreparable harm. Diné Citizens Against Ruining Our Env't v. Jewell, 839 F.3d 1276 (10th Cir. 2016)("Diné"). In Diné, the Tenth Circuit held that a relaxed test for preliminary relief is "inconsistent with the Supreme Court's recent decision in *Winter v. Natural Resources Defense Council*," which "overruled the [United States Court of Appeals for the] Ninth Circuit's application of a modified preliminary injunction test under which plaintiffs . . . could receive a preliminary injunction based only on a possibility, rather than a likelihood, of irreparable harm." Diné, 839 F.3d at 1282 (citing Winter, 555 U.S. at 22). The Tenth Circuit concluded that, although the standard overruled in Winter v. Natural Resources Defense Council, Inc. dealt with the irreparable-harm factor, "*Winter's* rationale seems to apply with equal force" to the likelihood-of-success factor. Diné, 839 F.3d at 1282. Accordingly, the Tenth Circuit held that "any modified test which relaxes one of the prongs for preliminary relief and thus deviates from the standard test is impermissible." Diné, 839 F.3d at 1282.

Legacy Church, Inc. v. Kunkel, 455 F.Supp.3d 1100, 1131-33 (D.N.M. April 17, 2020)(Browning, J.).

Title 28 U.S.C. § 636(b)(1)(B) authorizes Magistrate Judges to "conduct hearings, including evidentiary hearings" and to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of [a motion for injunctive relief]," it does not require that the Magistrate Judge hold a hearing.  See Garcia v. City of Albuquerque, 232 F3d. 760, 766 (10th Cir. 2000).

**The TRO Motion Does Not Show that Immediate, Irreparable Injury will Result Before Defendants can be Heard**

Rule 65 of the Federal Rules of Civil Procedure states:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

>**(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

>**(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Plaintiffs contend that they:

> have already suffered irreparable injury at the hands [of] the Journal and their co-defendants and will continue to suffer at least one identified and distinct form of harm: Google search of "Michael Jacobs Albuquerque and/or Ruby Handler Jacobs" first brings up the link to the Jacobs article and the Cannes photograph. Moreover, because of the publication of the Jacobs article, and to their limited knowledge how many incidents have occurred, Plaintiffs have recently suffered damage to their reputation on at least seven occasions, amongst others, that affects their business, their income, reputation, and personal relationships.

TRO Motion at 7-8, ¶ 21 (describing alleged harms occurring January 2020 to May 2021). Plaintiffs have not filed a verified complaint[2] or affidavit[3] as required by Fed. R. Civ. P. 65(b)(1)(A) which states the Court may issue a TRO only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Furthermore, the facts set forth in Plaintiffs' Complaint and their TRO motion do not clearly show that they will suffer immediate and irreparable injury before Defendant Albuquerque Journal can be heard. The Clerk's Office has already issued a summons as to Defendant Albuquerque Journal which is located in Albuquerque, New Mexico, as is this Court. While Plaintiffs have set forth facts showing they have recently suffered injury, they have not set forth any facts showing that they will likely suffer additional injury in the near future before Defendant Albuquerque Journal responds to Plaintiffs' TRO Motion. Plaintiffs' conclusory statements that "the continued publication [of the Jacobs article] has and will cause irreparable harm to Plaintiffs" and "Plaintiff will Suffer Irreparable

---

[2] Verified Complaint: "A complaint where the plaintiff (or, in limited cases, the plaintiff's counsel) swears to the allegations, demonstrating to a court that the plaintiff has investigated the charges against the defendant and found them to be of substance. In many jurisdictions, a complaint does not need to be verified unless a rule or statute specifically states otherwise." Thomson Reuters (West) Practical Law Glossary - https://content.next.westlaw.com/7-519-7149?transitionType=Default&contextData=(sc.Default)&firstPage=true.

[3] Affidavit: "A voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary at 66 (9th ed. 2009).

Injury Unless the Injunctive Relief is Granted," are not sufficient to allow the Court to issue a TRO.  TRO Motion at 3, ¶ 8, at 6; see also Legacy Church, Inc. v. Kunkel, 455 F.Supp.3d 1100, 1131-33 (D.N.M.  April 17, 2020)(Browning, J.)("It is insufficient, moreover, that a moving party demonstrate that there is only a "possibility" of either success on the merits or irreparable harm")(quoting Diné Citizens Against Ruining Our Env't v. Jewell, 839 F.3d 1276 (10th Cir. 2016)).

**Proposed Finding**

For the reasons stated above, the Court finds that Plaintiffs have not properly set forth specific facts clearly showing that immediate and irreparable injury, loss, or damage will result to Plaintiffs before Defendant Albuquerque Journal can be heard in opposition

**Recommended Disposition**

The undersigned recommends that the Court deny Plaintiffs' request for a TRO and that the Court defer ruling on their request for a preliminary injunction until after Defendants can be heard.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE