FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 02 2021

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MICHAEL JACOBS and<br>RUBY HANDLER JACOBS,<br><br>　　　Plaintiffs,<br><br>　　　vs.<br><br>THE JOURNAL PUBLISHING COMPANY<br>d/b/a THE ALBUQUERQUE JOURNAL; et al.,<br><br>　　　Defendants. | Case. no. 1:21-cv-00690-JB-SCY |

## MOTION TO SEAL PREVIOUSLY FILED DOCUMENTS

*Pro se*[1] Plaintiffs respectfully request that this Court enter an order sealing exhibits that Plaintiff submitted in support of their Temporary Restraining Order and Preliminary Injunction (See Doc. #2 the "Motion") and Complaint For Copyright Violation, Theft And Conversion, Trespass, Defamation, Invasion Of Privacy And False Light, Declaratory Relief, With Demand For Jury Trial (See Doc. #1 the "Complaint"). The documents at issue contain sensitive information which, if allowed public access, would defeat the purpose of the Complaint. This relief is sought on an interim basis, pending the entry by the Court of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. In support of this motion, Plaintiffs state as follows:

　　　1.　　On July 21, 2021, Plaintiffs filed with the Court a Complaint alleging that The Journal Publish Company d/b/a The Albuquerque Journal et al ("Journal") violated 17 U.S.C. §

---

[1] The Supreme Court found that pro se pleadings should be held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 520 (1971), *Puckett v. Cox*, 456 F. 2d 233 (1972) (6th Cir. USCA).

101, et seq. and 17 U.S.C. §§ 501, 106, 1202(a). Plaintiffs also seek relief under 28 U.S.C. § 1367(b) with supporting documents.

2.   On July 21, 2021, Plaintiffs filed their Motion seeking relief pursuant to Rule 65 of the Federal Rules of Civil Procedure and allowing the granting of the injunction pursuant to Section 502(a) of Title 17 U.S.C. Plaintiffs also filed supporting documents.

3.   Exhibits supporting the Motion and the Complaint contain information that Plaintiffs are seeking to have removed from the public eye. In having this information available through the Record Proper or other court systems, the Plaintiffs case would be severely jeopardized in that the documents contain an infringed copyrighted photograph (the "Cannes photograph") and libelous statements in an article (the "Jacobs article"). In order to preserve Plaintiffs rights if this Court rules in their favor, and the Jacobs article is removed from the Internet, Plaintiffs request this sealing.

4.   With regard to access to judicial records, "To satisfy this standard , the party seeking to maintain documents under seal "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the] decision-making process." _Colony Ins. Co. v. Burke_, 698 F.3d at 1242 (10th Cir. 2021) (quotations omitted);" cited in _Parson v. Farley_, 352 F. Supp. 3d 1141, 1154 (N.D. Okla. 2018).

5.   In _JetAway Aviation, LLC v. Bd. of Cty. Comm'rs_, 754 F.3d 824, 826 (10th Cir. 2014) the court states that it may permit documents to be sealed on "a showing of good cause." _Id_. It is within the court's discretion to seal documents where "the public's right of access is outweighed by competing interests." (internal quotation marks omitted). " _Merrill v. Scottsdale Ins. Co._, No. 2:20-cv-00064-DBB-DAO, at *3 (D. Utah May 10, 2021)

6.   Plaintiffs seek the sealing of Exhibits 1 through 6 attached to the Motion:

a. Exhibits 1, 2, 3, 4, and 5 contain the infringed upon copyrighted Cannes photograph gained by unlawful trespass by Defendants. By publishing in the Record Proper, the infringement would continue indefinitely and unfairly open the image to an unfounded and unfair "fair use" doctrine issue by viewers of the exhibits.

b. Exhibit 6 refers to the Jacobs article being sought for removal by Plaintiffs. Moreover, it provided false information about Plaintiff Handler Jacobs to be adjudicated by the Court.

7. Plaintiffs seek the sealing of Exhibits attached to the Complaint:

a. Exhibits 1, 2, 5, 6, 7, 8, and 9 contain the infringed upon copyrighted Cannes photograph gained by unlawful trespass by Defendants. By publishing in the Record Proper, the infringement would continue indefinitely.

b. Exhibit 3 refers to the Jacobs article being sought for removal by Plaintiffs on Facebook which, on occasion, shows the infringed upon photograph. However, a viewer need only click on the article and the Cannes photograph appears in the Jacobs article.

c. Exhibit 10 shows an unauthorized photograph of Plaintiff Handler Jacobs' stolen U.S. Marshal Service badge, which has now been removed from the Journal's photo agent's site. However, the exhibit must be sealed as the usage of the image was in violation of 18 U.S.C. § 701 with regard to photographing, reproduction, and the selling of the image.

d. Exhibit 11 shows an unauthorized photograph of confidential information taken by the Journal's photographer Defendant Thompson during his trespass,

that was sold to foreign newspapers and contains a libelous caption. The image was also published in Exhibits 1,2, 6 and 7.

8. The Tenth Circuit has approved a three-step process for evaluating a request to seal records. See *Riker v. Fed. Bureau of Prisons*, 315 F.App'x 752, 755 (10th Cir. 2009) (unpublished). The Court (a) first considers the public's interest in the documents. *Riker*, 315 F.App'x at 755. Next, (b) the Court considers the competing interest advanced by the party seeking to seal the documents. *Riker*, 315 F.App'x at 755. Finally, (c) the Court balances the two interests. *Riker*, 315 F.App'x at 755-56. *Bailey v. I-Flow Corp.*, Cause No. 1:09-cv-531 WJ/DJS, at *2 (D.N.M. Apr. 14, 2011).

9. In the first consideration, court documents are covered by a common law right of access. *Nixon v. Warner Comm'cs*, 435 U.S. 589, 599 (1978). "Under that doctrine, judicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring nondisclosure." *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). Copyright infringement favors nondisclosure.

10. "Copyright infringement requires a claimant to show "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." A certificate of registration of a copyright is *prima facie* evidence of the validity of the copyright and facts stated in its certificate." *Assessment Techs. Inst. v. Parkes*, No. 2:19-CV-2514-JAR-KGG, at *23 (D. Kan. Dec. 9, 2019). Plaintiff Jacobs fulfills both requirements. The use of Plaintiff Jacobs' Cannes photograph exhibits, if allowed to remain unsealed, will continue to provide irreparable damage. The public interest has already been satisfied by the nearly 9000 days that the Cannes photograph appeared on-line. However, it is also in the public interest that Plaintiff Jacobs does not continue to suffer the violation of his copyright infringement by

Defendants or by unsealed exhibits. Therefore, the public interest in upholding copyright is satisfied.

11. The first consideration is also satisfied because there are no less drastic alternatives to sealing the aforementioned exhibits. Redacting information from the exhibit is not a viable option because the issue in this case is whether the Defendants' theft and publication of the Canne photograph resulted in harm to Plaintiff Jacobs as a result of copyright infringement and the falsification of Copyright Management Information. While redacting the Cannes photograph, the unauthorized photographs by Defendant Thompson and libelous reputational information from the exhibits would protect the Plaintiffs, it would also deprive the Court of information it needs to evaluate whether the copyright infringement and said defamatory writings resulted in concrete harm. Therefore, first consideration has been satisfied.

12. In considering the competing interests advanced by the movants seeking to seal the documents, Plaintiffs articulate the need to protect Plaintiff Jacobs' copyright. Moreover, the use of the Cannes photograph, together with the false statements in the Jacobs article, continue to place the Plaintiffs in false light as stated in the Complaint. Balancing the public's interest in access against the interest of ensuring Plaintiffs' safety, reputation, and copyright ownership is paramount as expounded upon in both the Motion and the Complaint. Therefore, the nature and degree of the potential injury to the Plaintiffs has been and will continue to be quite significant without the sealing of the exhibits.

WHEREFORE, the Plaintiffs respectfully requests that the Court enter an order sealing Exhibits to Plaintiffs' Motion and Complaint and that Exhibits remain under seal until a protective order has been entered by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Respectfully submitted this 3rd day of August 2021.

*(signature)*
Michael Jacobs
*Pro se Plaintiff*
800 Calle Divina NE
Albuquerque, NM 87113
Tel: (505) 321-3044
michael.mjphoto@gmail.com

*(signature)*
Ruby Handler Jacobs
*Pro se Plaintiff*
800 Calle Divina NE
Albuquerque, NM 87113
Tel: (505) 321-3055
rubyhandler@gmail.com