IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

    Plaintiffs,

v.  No. 1:21-cv-00690-MV-SCY

THE JOURNAL PUBLISHING COMPANY
d/b/a THE ALBUQUERQUE JOURNAL,
WILLIAM P. LANG, NICHOLE PEREZ,
JAMES THOMPSON, ELISE KAPLAN,
KAREN MOSES, and DOES 1 THROUGH 20,
INDIVIDUALLY OR JOINTLY AND SEVERALLY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 29, 2021 ("PFRD") (Doc. 8); (ii) Plaintiffs Michael Jacobs and Ruby Handler Jacobs's Objection to Findings and Recommended Disposition, filed August 11, 2021 ("Objection") (Doc. 20); and (iii) Plaintiffs' Motion for Copyright Impoundment and Temporary Restraining Order or Preliminary Injunction ("TRO Motion") (Doc. 2). Plaintiffs Michael Jacobs and Ruby Handler Jacobs are proceeding pro se. In the PFRD, the Honorable Steven C. Yarbrough, United States Magistrate Judge for the United States District Court for the District of New Mexico, recommends that the Court deny Plaintiffs' request for a TRO and that the Court defer ruling on their request for a preliminary injunction until after Defendants can be heard. Doc. 8 at 6. Plaintiffs objected to these recommendations. Doc. 20. The Court will: (i) overrule the Objection; (ii) adopt the PFRD; and (iii) deny Plaintiffs' request for a TRO and defer ruling on their request for a preliminary injunction until after Defendants can be heard.

## BACKGROUND

Plaintiffs allege that Defendant Albuquerque Journal published defamatory statements about them, that other Defendants trespassed on their property, and that a photograph "was stolen from a frame in their home and was used contrary to Plaintiff Jacobs' ownership, copyright and without his knowledge and permission." Doc. 1.

Plaintiffs filed their TRO Motion with their Complaint seeking "a temporary restraining order or preliminary injunction against" Defendants. TRO Motion at 1. Plaintiffs state:

> The controversary concerns, but is not limited to, the internet usages of a stolen copyrighted photograph ("Cannes photograph") with fraudulent copyright claims by Defendants (Copyright Act, 17 U.S.C. § 101, et seq), trespass on Plaintiffs' real property and chattel, conversion and defamation as evidenced by the article published on-line by the Journal ("Jacobs article").

*Id.* ¶ 2. Plaintiffs also state that "Defendants published the Jacobs article on-line" in December 2016, that Defendant "Journal published the print edition on or about December 16, 2016," and that the article remains in publication and "continues to be available on the website Newspapers.com." *Id.* ¶ 12. "Plaintiff Jacobs first discovered the Jacobs article publication on-line on or about September 28, 2019." *Id.* ¶ 14. Plaintiffs ask the Court to order Defendant Albuquerque Journal and its agents to:

> (i) immediately remove the Jacobs article in question from all its Internet websites including Facebook and Newspapers.com;
>
> (ii) inform all publications that have purchased or received images either stolen or photographed during the trespass, that the Journal had neither copyright nor right to promulgate such images, and to request out of professional courtesy that these images be immediately removed;
>
> (iii) maintain and protect all financial and distribution records pertaining to the Cannes photograph and other unauthorized photographs;
>
> (iv) halt any and all activities going forward involving Plaintiff Jacobs' Cannes photograph and all unauthorized photographs; and

> (v)     provide the Court and Plaintiffs with documentary evidence that all of the above has been accomplished.

*Id.* at 9-10.

Magistrate Judge Yarbrough notified Plaintiffs that this Court has recently discussed the relevant law regarding TROs:

> The requirements for a TRO issuance are essentially the same as those for a preliminary injunction order. See People's Trust Fed. Credit Union v. Nat'l Credit Union Admin. Bd., 350 F. Supp. 3d 1129, 1138 (D.N.M. 2018)(Browning, J.); 13 Moore's Federal Practice ¶ 65.36(1), at 65-83 (3d ed. 2004). The primary differences between a TRO and a preliminary injunction are that a TRO may issue without notice to the opposing party and that TROs are limited in duration to fourteen days. See Fed. R. Civ. P. 65(b)(1)-(2). In both cases, however, injunctive relief is an "extraordinary remedy," and the movant must demonstrate a "clear and unequivocal right" to have a request granted. Greater Yellowstone Coalition v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003)). See Herrera v. Santa Fe Pub. Sch., 792 F. Supp. 2d at 1181. The Supreme Court of the United States and the United States Court of Appeals for the Tenth Circuit have explained that "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). See Keirnan v. Utah Transit Auth., 339 F.3d 1217, 1220 (10th Cir. 2003)("'In issuing a preliminary injunction, a court is primarily attempting to preserve the power to render a meaningful decision on the merits.'")(quoting Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986)).
>
> To establish its right to a temporary restraining order under rule 65(b), a moving party must demonstrate that "immediate and irreparable injury, loss, or damage will result" unless a court issues the order. Fed. R. Civ. P. 65(b). "[I]rreparable injury" is "harm that cannot be undone, such as by an award of compensatory damages or otherwise." Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d 1081, 1105 (10th Cir. 2003)(citing Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc., 805 F.2d at 355). A moving party must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)("Winter")(citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)); Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987); Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-12 (1982)).
>
> The likelihood-of-success and irreparable-harm factors are "the most critical" in the analysis. Nken v. Holder, 556 U.S. 418, 434 (2009). It is insufficient, moreover, that a moving party demonstrate that there is only a "possibility" of either success on the merits or irreparable harm. Diné Citizens Against Ruining Our Env't v. Jewell, 839 F.3d 1276 (10th Cir. 2016)("Diné"). In Diné, the Tenth Circuit held that a relaxed test for preliminary relief is "inconsistent with the Supreme Court's recent decision in

3

> *Winter v. Natural Resources Defense Council*," which "overruled the [United States Court of Appeals for the] Ninth Circuit's application of a modified preliminary injunction test under which plaintiffs . . . could receive a preliminary injunction based only on a possibility, rather than a likelihood, of irreparable harm." Diné, 839 F.3d at 1282 (citing Winter, 555 U.S. at 22). The Tenth Circuit concluded that, although the standard overruled in Winter v. Natural Resources Defense Council, Inc. dealt with the irreparable-harm factor, "*Winter's* rationale seems to apply with equal force" to the likelihood-of-success factor. Diné, 839 F.3d at 1282. Accordingly, the Tenth Circuit held that "any modified test which relaxes one of the prongs for preliminary relief and thus deviates from the standard test is impermissible." Diné, 839 F.3d at 1282.

Doc. 8 at 3-4 (quoting *Legacy Church, Inc. v. Kunkel*, 455 F. Supp. 3d 1100, 1131-33 (D.N.M. 2020) (Browning, J.)). Magistrate Judge Yarbrough stated:

> Plaintiffs have not filed a verified complaint or affidavit as required by Fed. R. Civ. P. 65(b)(1)(A) which states the Court may issue a TRO only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Furthermore, the facts set forth in Plaintiffs' Complaint and their TRO motion do not clearly show that they will suffer immediate and irreparable injury before Defendant Albuquerque Journal can be heard.

Doc. 8 at 5. Magistrate Judge Yarbrough proposed that the Court find "that Plaintiffs have not properly set forth specific facts clearly showing that immediate and irreparable injury, loss, or damage will result to Plaintiffs before Defendant Albuquerque Journal can be heard in opposition" and recommended that "the Court deny Plaintiffs' request for a TRO and that the Court defer ruling on their request for a preliminary injunction until after Defendants can be heard." *Id.* at 6.

Plaintiffs raise several issues in their Objection. First, they assert that:

> Circumstances have changed for Plaintiffs as from the time of this filing, Plaintiffs will be travelling out of the District and will not return until the end of August, long after the required duration of 14 days to hear a TRO. Therefore, Plaintiffs request[] a TRO issue with an extension to September 7, 2021.

Doc. 20 ¶ 2. Plaintiffs do not cite any legal authority to support their request that the Court issue a TRO with an extension to September 7, 2021.

Next, regarding the statement in the PFRD that Plaintiffs have not filed a verified complaint or affidavit as required Rule 65(b)(1)(A), Plaintiffs "request that the Court take notice of [their]

4

Declarations in support of their now verified Complaint." *Id.* ¶ 2.  Plaintiffs filed their Declarations a few days after Judge Yarbrough filed his PFRD.  *See* Declaration of Michael Jacobs in Support of Complaint for Copyright Violation, Theft and Conversion, Trespass, Defamation, Invasion of Privacy and False Light, with Declaratory Relief, filed August 2, 2021 (Doc. 11); Declaration of Ruby Handler Jacobs in Support of Complaint for Copyright Violation, Theft and Conversion, Trespass, Defamation, Invasion of Privacy and False Light, with Declaratory Relief, filed August 3, 2021 (Doc. 10).

Plaintiffs also object that the "Magistrate [Judge] does not raise the issue of copyright infringement as outlined in the Complaint and the Motion [and] does not address 'irreparable harm' that continues with each and every publication daily of the stolen photograph."  Doc. 20 ¶ 3.

Further, Plaintiffs object to the PFRD's "characterization of their Complaint" where the PFRD states that "[i]t is insufficient, moreover, that a moving party demonstrate that there is only a 'possibility' of either success on the merits or irreparable harm' citing this Court's *Legacy Church*, 455 F.Supp.3d 1100-1131-33 (D.N.M. April 17, 2020)."  *Id.* ¶ 4.

In addition, Plaintiffs object to the PFRD statement that "[w]hile Plaintiffs have set forth facts showing they have recently suffered injury, they have not set forth any facts showing that they will likely suffer additional injury in the near future before Defendant Albuquerque Journal (the 'Journal') responds to Plaintiffs' TRO Motion."  *Id.* ¶ 7.  Plaintiffs assert that "Plaintiffs have sufficiently alleged on-going irreparable injuries which are concrete and not hypothetical."  *Id.* ¶ 7.

Finally, Plaintiffs state that they have provided "the evidence required to sustain the ruling of an injunction in their favor and request that the Court provide an injunction contemplated as a result of the Plaintiffs' pleadings."  *Id.* ¶ 11.

5

**STANDARD**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered the Plaintiffs' TRO Motion, the PFRD, and Plaintiffs' Objection in light of the foregoing standards, and has conducted a de novo review. Based on the Court's review, the Court finds that Plaintiffs' Objections to the Magistrate Judge's PFRD are not well-taken, and that the analysis and conclusions in the PFRD are correct and should be adopted.

**DISCUSSION**

The Court agrees with Magistrate Judge Yarbrough's finding that Plaintiffs "have not properly set forth specific facts clearly showing that immediate and irreparable injury, loss, or damage will result to Plaintiffs before Defendant Albuquerque Journal can be heard in opposition." Doc. 8 at 6. Plaintiffs state as follows:

> Plaintiffs and their family have already suffered irreparable injury at the hands [of] the [Defendant] Journal and their co-defendants and will continue to suffer at least one identified and distinct form of harm: Google search of "Michael Jacobs Albuquerque and/or Ruby Handler Jacobs" first brings up the link to the Jacobs article and the Cannes photograph.

Doc. 2 ¶ 12. The TRO Motion does not assert facts showing that Plaintiffs will suffer irreparable injury because of Google searches *before Defendant Albuquerque Journal can be heard*.

Plaintiffs state in their Objection that the PFRD "does not address 'irreparable harm' that continues with each and every publication daily of the stolen photograph," and argue that irreparable harm results from Defendant Journal's copyright infringement "that continues with each and every publication daily of the stolen photograph." Doc. 20 ¶ 3. Plaintiffs seek injunctive relief pursuant to 17 U.S.C. § 502(a), which provides: "Any court having jurisdiction of a civil action arising under this title *may* . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a)(emphasis added). The Tenth Circuit has said:

> Courts may presume irreparable harm only when a party is seeking an injunction under a statute that *mandates* injunctive relief as a remedy for a violation of the statute. *Id*. When Congress passes such a statute, it effectively withdraws the courts' traditional discretion to determine whether such relief is warranted. *Id.* When, by contrast, a statute merely *authorizes* injunctive relief, courts may not presume irreparable harm, as doing so would be "contrary to traditional equitable principles." *Id.* (quotations omitted).

*First Western Capital Management Company v. Malamed*, 874 F.3d 1136, 1140 (10th Cir. 2017). The Court cannot presume that copyright infringement, by itself, constitutes irreparable harm, because

7

17 U.S.C. § 502(a) does not mandate injunctive relief, it merely authorizes injunctive relief. Plaintiffs have not asserted any facts showing that immediate harm will occur due to the alleged ongoing copyright infringement.

The Court has carefully reviewed Plaintiffs' TRO Motion and did not find any specific facts clearly showing that immediate irreparable injury will result to Plaintiffs before Defendant Albuquerque Journal can be heard in opposition. *See Legacy Church, Inc. v. Kunkel*, 455 F. Supp. 3d at 1132 ("To establish its right to a temporary restraining order under rule 65(b), a moving party must demonstrate that 'immediate and irreparable injury, loss, or damage will result' unless a court issues the order') (quoting Fed. R. Civ. P. 65(b)).

Having made a de novo review of those portions of the PFRD to which Plaintiffs filed their Objection and having determined that the PFRD is not in other respects clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, the Court will adopt the PFRD.

**IT IS ORDERED** that: (i) Plaintiffs Michael Jacobs and Ruby Handler Jacobs' Objection to Findings and Recommended Disposition, filed August 11, 2021 (Doc. 20) is overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 29, 2021 (Doc. 8), are adopted; and (iii) Plaintiffs' Motion for Copyright Impoundment and Temporary Restraining Order or Preliminary Injunction, Doc. 2, filed July 26, 2021, is denied in part, as follows: Plaintiffs' request for a TRO is denied; and the Court defers ruling on Plaintiffs' request for a preliminary injunction until after Defendants can be heard.

_____
UNITED STATES DISTRICT JUDGE