IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

    Plaintiffs,

v.                                       Case No. 1:21-cv-00690-MV-SCY

THE JOURNAL PUBLISHING COMPANY
d/b/a/ THE ALBUQUERQUE JOURNAL,
WILLIAM P. LANG, NICHOLE PEREZ,
JAMES THOMPSON, ELISE KAPLAN,
KAREN MOSES, and DOES 1 THROUGH 20,
INDIVIDUALLY OR JOINTLY AND SEVERALLY,

    Defendants.

**ORDER DENYING MOTION TO SEAL
AND ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Seal Previously Filed Documents (Doc. 12).

After Plaintiffs' indictment for white collar crimes, the Albuquerque Journal published an online article (the "Jacobs article") about the events. Doc. 1 ¶¶ 22–23. Plaintiffs allege that the material in the article was defamatory and placed them in a false light. *Id.* ¶ 23. Included in this material is a photograph (the "Cannes photograph") that depicts Plaintiffs in front of two yachts. *Id.* ¶ 27. Plaintiffs claim that this copyrighted photograph was "stolen from a frame in their home" after Defendants Nichole Perez and James Thompson trespassed onto Plaintiffs' property. *Id.* Other newspapers and internet sources such as the *Singapore Straights Times* and the Sri Lanka Royal Turf Club Facebook site then used the Cannes photograph. *Id.* ¶¶ 30–31.

Plaintiffs filed for a temporary restraining order or preliminary injunction to remove the Jacobs article from the internet and take other steps to prevent the ongoing distribution of the Cannes photograph. Doc. 2. Plaintiffs then sought to seal the exhibits attached to this motion, which included the Cannes photograph and the Jacobs article. Doc. 12. I temporarily ordered the documents sealed pending further briefing on the merits of the issue from all parties. Doc. 13.

**I.   Motion to Seal**

When analyzing a motion to seal, a court begins with a "strong presumption in favor of public access." *U.S. v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020). The party seeking to seal "bears the burden of showing some significant interest that outweighs the presumption." *U.S. v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation omitted). The court's decision is "necessarily fact-bound," to be made "in light of the relevant facts and circumstances of the particular case." *U.S. v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). Although courts have discretion in this matter, *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 599 (1978), the party seeking to seal bears a "heavy burden," *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011). An unpublished Tenth Circuit case blesses a three-step process to guide courts' discretion: first examining the public's interest in the information, then examining the moving party's interest in sealing, and finally weighing the two. *Riker v. Fed. Bureau of Prisons*, 315 Fed. App'x 752, 755 (10th Cir. 2009).

Plaintiffs seek to seal the exhibits attached to Doc. 2, which contain either the copyrighted Cannes photograph, the allegedly defamatory Jacobs article, or both. In analyzing this matter, I begin—as a court must—with the presumption that the public should have access to these records. *See Bacon*, 950 F.3d at 1293.

The public's interest in the photograph and the article are, as Defendants point out, that these documents are the centerpiece of the present dispute. Doc. 34 at 4. Disclosure is particularly

compelling when the documents at issue are central to the litigation. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) ("[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches.") (citation omitted). Although Plaintiffs argue that "[c]opyright infringement favors nondisclosure," they provide no support for this assertion. Doc. 12 ¶ 9.

Plaintiffs also argue that it is "in the public interest that Plaintiff Jacobs does not continue to suffer the violation of his copyright infringement by Defendants or by unsealed exhibits"—that is, it is in the *public* interest that Plaintiffs have *their* interests prioritized. Plaintiffs cite no authority for the proposition that a plaintiff's ordinary, unprivileged privacy is somehow a matter the public has any interest in.[1] Indeed, other cases consistently frame the public's interest as disclosure and characterize it in opposition to a party's interest in privacy. *See Colony Ins. Co.*, 698 F.3d at 1241 ("[W]e are not convinced . . . that the parties' interests in keeping the terms of their agreements confidential outweighs the public interest in access, particularly in light of the centrality of these documents to the adjudication of this case."); *Bacon*, 950 F.3d at 1293 (characterizing public's interest as access); *M.M. v. Zavaras*, 139 F.3d 798, 803 (describing an earlier case in which the "plaintiff's interest in privacy was outweighed by the public interest").

Plaintiffs also cite nothing uniquely private, embarrassing, or otherwise personal about these documents that justify sealing. *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (declining to allow appellee to proceed anonymously to avoid publicly disclosing his status as a sex offender despite the risk of embarrassment because "[a] plaintiff should be permitted to

---

[1] Case law does recognize a public interest in maintaining strong protections over privileged information. *See Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 462 (10th Cir. 1980); *U.S. v. Dillard*, 795 F.3d 1191, 1206 (10th Cir. 2015). However, neither party alleges that the information to be sealed in this case is privileged.

3

proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity") (citation omitted).

Although Plaintiffs assert an interest in restricting access to a copyrighted image and an article they claim is defamatory, the already-public nature of these documents weakens that interest. Plaintiffs argue that there is a continuing harm in the "use of the Cannes photograph, together with the false statements in the Jacobs article," which "continue[s] to place the Plaintiffs in false light." Doc. 12 at 5. It is true that "courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978). But the mere presence of allegedly libelous statements is not enough, on its own, to justify keeping matters secret from the public. *See Parson v. Farley*, 352 F. Supp. 3d 1141, 1154–55 (N.D. Okla. 2018). Nor is the simple fact that the case involves copyright infringement sufficient, in and of itself, to place documents under seal; for example, other cases of copyright infringement that sealed records dealt with trade secrets, which are not at issue in this case. *See Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1202–03 (10th Cir. 2014) (supporting "Attorneys' Eyes Only" restriction on report in trade secrets case).[2]

Further, as Defendants point out, the information Plaintiffs seek to seal has been publicly available since December 15, 2016. Doc. 34 at 5–6. Plaintiffs reply that the information is only

---

[2] Plaintiffs also argue on reply that "Defendants' Response is a direct and conscious act to republish, to a new audience, the defamatory article and stolen Cannes photograph" that would, if the documents are unsealed, establish a new libel claim against Defendants. Doc. 42 ¶ 23. *Plaintiffs* are the ones who filed the disputed exhibits, attached to their own Complaint, and the Court sealed the matter temporarily until it could resolve the sealing dispute on the merits. Plaintiffs provide no support for the extreme notion that opposing Plaintiffs' efforts to maintain the seal on their own exhibits is equivalent to republication. Further, the fact that Plaintiffs intended to file the documents under seal (Doc. 42 ¶ 4) does not change this consideration.

available due to Defendants' "criminal acts." Doc. 42 ¶ 19. Plaintiffs do not explain how that assertion is relevant to the legal standard, nor do they provide any case law in which a court ruling on a motion to seal considered how the information came to be publicly available. In general, courts have declined to seal, or have unsealed, records when the information is already publicly accessible. *See, e.g., U.S. v. Robertson*, No. 17-CR-02949, 2021 WL 1799408, at *5 (D.N.M. May 5, 2021); *In re EpiPen (Epinephrine Injection USP) Mktg., Sales Pracs. & Antitrust Litig.*, Case No. 17-md-2785, 2021 WL 2585065, at *1 n.3 (D. Kan. June 23, 2021).

Nonetheless, the Court could envision sealing a photograph that depicts a person in a private situation in a private setting, particularly if the public airing of that photograph was made possible only through a defendant's criminal trespass or invasion of privacy. Such sealing might be appropriate even if the photograph had already been released publicly, as further dissemination of the photograph would cause a further invasion of privacy and further harm. The photograph at issue in this case, however, does not depict individuals in a private setting or in a private situation. Instead, the photograph depicts a smiling couple standing outside on a dock with two yachts in the background. Nothing about this photograph is inherently private.

In weighing the public's interest in disclosure against Plaintiffs' interest in sealing the documents, the public's right of access should prevail in this case. The documents are central to the litigation and have already been publicly accessible for years, they are not privileged, they do not contain trade secrets, and they are not uniquely personal or embarrassing. For these reasons, Plaintiffs have not met the "heavy burden" necessary to justify sealing.

**II.     Order to Show Cause**

After Plaintiffs filed their Motion to Seal Previously Filed Documents, Plaintiffs filed two more documents under seal: Doc. 21, Appendix to Plaintiffs' Objections to PFRD; and Doc. 37, Plaintiffs' Reply in Support of their Motion for a Preliminary Restraining Order.

Parties seeking to file a document under seal are required to seek leave of the Court before doing so. See CM/ECF Adm. Proc. Manual para. 9(h)(1) & (2) (leave of Court required to file documents under seal except under Fed. R. Civ. P. 5.2(F), Fed. R. Crim. P. 49.1, or statute). Here, Plaintiffs filed Docs. 21 and 37 under seal without seeking permission to do so. In light of the Court's findings in this order, Plaintiffs are ordered to show cause why Docs. 21 and 37 should not be unsealed.

## **CONCLUSION**

Plaintiffs' Motion to Seal Previously Filed Documents (Doc. 12) is DENIED. The Clerk's office is ordered to UNSEAL Doc. 1-1 and Doc. 2-1.

Further, in light of this Order, Plaintiffs are ordered to SHOW CAUSE why Docs. 21 and 37 should not be unsealed. Plaintiffs' Show Cause Response is due **March 15, 2022**. If nothing is filed by this deadline, the Court will unseal the documents in question.

_____
UNITED STATES MAGISTRATE JUDGE