IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

    Plaintiffs,

v.                                                  Case No. 1:21-cv-00690-MV-SCY

THE JOURNAL PUBLISHING COMPANY
d/b/a/ THE ALBUQUERQUE JOURNAL,
WILLIAM P. LANG, NICHOLE PEREZ,
JAMES THOMPSON, ELISE KAPLAN,
KAREN MOSES, and DOES 1 THROUGH 20,
INDIVIDUALLY OR JOINTLY AND SEVERALLY,

    Defendants.

## ORDER STRIKING AMENDED COMPLAINT AND GRANTING EXTENSION OF TIME FOR DEFENDANTS' RESPONSE

**THIS MATTER** comes before the Court on Defendants' Motion To Strike Plaintiffs' Purported Amended Complaint, Doc. 55; and Plaintiffs' Motion For Leave To File Second Amended Complaint, Doc. 56.

On July 14, 2022, the Court granted Defendants' motion to dismiss and ordered that Plaintiffs shall file a motion to amend the complaint within 30 days of the entry of that Order. Doc. 52. This 30-day deadline expired on Saturday, August 13, placing the motion's due date on the following business day, August 15. Fed. R. Civ. P. 6(a)(1)(C). On August 16, Plaintiffs filed an amended complaint without an accompanying motion for leave to file an amended complaint. Doc. 54. Plaintiffs also filed this document under seal.

On August 18, Defendants filed the present motion to strike, pointing out that the Court had given Plaintiffs permission to file a *motion* for leave to amend the complaint, not permission

to file an amended complaint. Doc. 56 at 1. Federal Rule of Civil Procedure 15(b) requires the consent of all parties or court permission to file an amended complaint outside the circumstances outlined by Rule 15(a), which do not apply here. Doc. 56 at 2-3. Defendants did not consent to the filing of the amended complaint. *Id.* at 3.

Plaintiffs promptly responded by filing a motion for leave to amend the complaint, on August 24. Doc. 56. Defendants opposed that motion, noting that the Court order was clear, and that defense counsel had also reminded Plaintiffs that a motion for leave would be required. Doc. 60 at 2. Defendants request that the Court deny Plaintiffs' motion to amend as untimely. *Id.* at 3. In the alterative, Defendants request that the Court grant it 21 days to file a substantive response to the motion to amend. *Id.* Plaintiffs do not oppose this alternate request for additional time to respond. Doc. 61 at 5.

In explaining their failure to timely file the motion for leave to amend, Plaintiffs assert that they do not have reliable internet service and that they "mistakenly" filed the amended complaint rather than a motion to amend, and corrected the error as soon as they were able. Doc. 57 at 2.

The Court grants the motion to strike the amended complaint on the grounds that this document was filed without consent of the opposing party or leave of Court, and because it was filed under seal without Court permission. *See* Doc. 46 at 6 (instructing Plaintiffs that "[p]arties seeking to file a document under seal are required to seek leave of the Court before doing so"). However, because the delay in filing a motion for leave to amend was neither lengthy, nor prejudicial to Defendants, the Court excuses the untimely filing of the motion to amend and will consider the motion on its merits.

Plaintiffs are nonetheless advised that if they repeatedly fail to meet Court deadlines in the future, such behavior may be subject to a range of sanctions under Federal Rule of Civil Procedure 37(b), including dismissal of their case. In addition, the Court reminds Plaintiffs that, in order to obtain permission for electronic filing in this case, Plaintiffs certified that they had satisfactory access to a computer with the internet. Doc. 14 at 1; Doc. 15 at 1. If Plaintiffs experience further difficulties meeting deadlines in this case due to problems with their internet access, the Court will revoke their e-filing privileges and require all filings to be by US mail.

The Court grants Defendants' alternate request for additional time in which to file a substantive response to Plaintiff's motion for leave to amend the complaint. That response is due 21 days from the date of this Order, subject to reasonable extensions of time as stipulated by the parties or by leave of Court. Plaintiffs may file a reply, which will be due no later than 14 calendar days after the response is filed (unless that date falls on a weekend or holiday in which case the reply will be due on the following business day), also subject to reasonable extensions of time. D.N.M.LR-Civ. 7.4(a).

THEREFORE, IT IS ORDERED THAT Defendants' Motion To Strike Plaintiffs' Purported Amended Complaint, Doc. 55, is GRANTED. The "Amended Complaint For Copyright Violation, Theft And Conversion, Trespass, Defamation, Invasion Of Privacy And False Light, Declaratory Relief, Seeking Full Media Access," Doc. 54, is STRICKEN from the docket.

IT IS FURTHER ORDERED THAT Defendants may file a substantive response to Plaintiffs' Motion For Leave To File Second Amended Complaint, Doc. 56, within 21 days of the date of this Order.

_____
UNITED STATES MAGISTRATE JUDGE