IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

    Plaintiffs,

v.                                                 Civ. No. 21-690 MV/SCY

THE JOURNAL PUBLISHING COMPANY
d/b/a/ THE ALBUQUERQUE JOURNAL,
WILLIAM P. LANG, NICHOLE PEREZ,
JAMES THOMPSON, ELISE KAPLAN,
KAREN MOSES, and DOES 1 THROUGH 20,
INDIVIDUALLY OR JOINTLY AND SEVERALLY,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Court dismissed Plaintiffs' original complaint. In an attempt to cure many of the defects the Court identified in its order of dismissal, Plaintiffs now move for leave to file a second amended complaint. Doc. 56. With regard to several counts Plaintiffs attempt to add, Defendants oppose the motion, arguing that those prospective new counts fail to state a claim and are therefore futile. As set forth below, I agree that some, but not all, of the new counts Plaintiffs attempt to add would be futile.[1]

## LEGAL STANDARD

Plaintiffs may amend their complaint once as a matter of course, after which they must seek consent from the opposing party or leave of the court. Fed. R. Civ. P. 15(a). "The court

---

[1] The district judge presiding at the time referred this matter to me pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). Doc. 6. The factual background of this case was set out in my May 17, 2022 Proposed Findings and Recommended Deposition ("PFRD"). Doc. 49 at 1-2.

should freely give leave when justice so requires." *Id.* The motivation underlying this rule is to "provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted). However, a court may deny leave based on reasons such as undue delay, bad faith, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999).[2]

## DISCUSSION

Defendants argue that the following counts in the proposed amended complaint are futile and would be subject to dismissal: contributory copyright infringement; copyright management infringement; attorney's fees; defamation per se and invasion of privacy; civil conspiracy; intentional infliction of emotional distress; and all claims against William P. Lang, Karen Moses, and Kent Walz. Plaintiffs' proposed claims for removal or alteration of copyright management information, attorney's fees, defamation per se and invasion of privacy (to the extent the claims

---

[2] Discovery in this case has thus far been displaced by the pendency of various motions, the resolution of which would affect the course of discovery. *See* Doc. 2 (July 26, 2021 motion for temporary restraining order); Doc. 26 (September 20, 2021 motion for extension of time to file answer to complaint); Doc. 30 (September 20, 2021 motion to dismiss); Doc. 50 (May 31, 2022 objections to report and recommendation on motion to dismiss); Doc. 56 (August 24, 2022 motion for leave to file amended complaint for which briefing was not completed until December 1, 2022 (Doc. 69)). As a result, good cause has existed not to enter a scheduling order and none has been entered. Consequently, there is no operative deadline to amend the pleadings, and it is not necessary to consider whether Plaintiffs have established good cause to amend such a deadline. *Cf. Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014) (a party seeking to amend the pleadings after the scheduling-order deadline must both demonstrate good cause to amend the scheduling order as required by Federal Rule of Civil Procedure 16(b) and satisfy the requirements for amendment under Federal Rule of Civil Procedure 15(a)).

are based on a publication), and civil conspiracy fail to state a claim and are therefore futile. Accordingly, I recommend Plaintiffs be permitted to file an amended complaint that does not include these claims. Because Plaintiffs' remaining claims are not futile, I recommend that the Court allow Plaintiffs to amend their complaint to add these claims. Below, I address in turn each of Plaintiff's proposed new claims that Defendants challenge.

## I. Contributory Copyright Infringement

The proposed amended complaint's Second Cause of Action is contributory copyright infringement. Doc. 56-1 at 28. Contributory copyright infringement occurs "when the defendant causes or materially contributes to another's infringing activities and knows of the infringement." *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1146 (10th Cir. 2016). "One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 930 (2005). Plaintiffs claim that Defendants assisted the Singapore Straits Times, the Chinese Malaysian newspaper, and Imago Agency in perpetrating copyright infringement by publishing the Cannes photo and crediting the source to the Albuquerque Journal. I previously recommended dismissal of this claim because the original complaint did "not indicate that the Journal knew these other publications printed the Cannes photo or cited the Journal" and contained only "[a]ssertions unrelated to Defendants' actions." Doc. 49 at 6.

In the amended complaint, Plaintiffs allege that "Defendants sold the Cannes photograph to the third-party publishers to unlawfully publish the Cannes photograph" and that "the Journal . . . provided the Cannes photograph to [a photo agency] for sale." Doc. 56-1 ¶ 99; *see also id.* ¶¶ 44-47. These allegations appear to cure the reasons cited for dismissal in my earlier recommendation, as adopted by the presiding judge. Defendants state that "the Amended

3

Complaint does not allege that any of the Defendants had knowledge of such infringement, nor allege that any Defendant materially contributed to or induced that infringement." Doc. 66 at 7. But the allegation that Defendants sold the photograph to a third-party agency for the purposes of republication is, logically, an allegation that Defendants knew of (because they profited from) other entities' infringement. Defendants do not address these new allegations regarding sale and payment in their brief. I recommend Plaintiffs be permitted to amend the complaint to include this count.

## II.     Copyright Management Infringement

The proposed amended complaint alleges in the Third Cause of Action that Defendants violated 17 U.S.C. § 1202(a) by providing false copyright management information ("CMI"). Doc. 56-1 at 28-29. Plaintiffs allege that Defendants "stole a non-digital paper print, scanned the print, created a digital image, and then placed their own copyright management information to facilitate or conceal its infringement." *Id.* ¶ 81. I previously recommended dismissal of this claim because the statute requires that a defendant "knowingly provid[e] false copyright management information 'with the intent to induce, enable, facilitate, or conceal infringement.'" Doc. 49 at 7 (quoting 17 U.S.C. § 1202(a)).

Such allegations now appear in the proposed amended complaint. Plaintiffs recite that "Defendants both knew that the Copyright Management Information . . . was false and provided or distributed the false CMI with the intent to induce, enable, facilitate, or conceal infringement." Doc. 56-1 ¶ 82. Plaintiffs offer as a supporting fact that "all Defendants were fully aware that the Cannes photograph did not belong to the *Journal*." *Id.* This allegation is plausible, as the allegations of the complaint (if taken as true) establish that Defendants did not create the photograph themselves but made a copy of a photograph that (by definition) someone else created.

4

Defendants argue that "the Albuquerque Journal removed the photo from its website after the filing of the original complaint (id., ¶ 49), so this claim is now moot." Doc. 66 at 10. Defendants cite no authority in support of the proposition that a plaintiff cannot collect damages for past conduct if the conduct is not presently ongoing, and I do not otherwise find this argument persuasive.

Defendants also argue that the proposed complaint does not allege they knew the photograph was copyrighted. Doc. 66 at 10-11. But according to the complaint, (1) Defendants knew *they* did not create the photograph, and therefore did not own the copyright to it[3]; and (2) Defendants included copyright management information stating they did own the copyright. Together, this adds up to an allegation of a knowingly false statement (that copyright for a photograph taken by someone else belongs to Defendants).

Finally, Defendants argue the photograph was not copyrighted before May 21, 2020. *Id.* But this is only the date of copyright registration. Doc. 30-1. Plaintiff Jacob created the photograph in 2016. Doc. 56-1 ¶ 42. Copyright protection runs from the date of the work's creation. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019). That is, upon registration of a copyright, the copyright owner can recover for infringement that occurred before registration. *Id.* Therefore, I disagree with Defendants' arguments and recommend the Court find this claim is not futile on the grounds raised by Defendants.

Defendants also argue that "Plaintiffs do not allege in their Amended Complaint that Defendants removed or altered any copyright information, so they fail to plausibly allege any violation of Section 1202(b)." Doc. 66 at 11. This is true, and Plaintiffs do not argue otherwise in

---

[3] If Defendants intended to argue that they could not have known about the copyright because the photograph is not subject to copyright protection at all, this argument is not sufficiently developed and I do not consider it.

their reply brief. I find that the proposed amended complaint would be futile insofar as it attempts to raise a claim under 17 U.S.C. § 1202(b) for removal or alteration of copyright management information.

**III.    Attorney's Fees**

Previously, I found that Plaintiffs cannot state a claim for attorney's fees under the copyright statutes. Doc. 49 at 8. Defendants note that the proposed amended complaint appears to reinstate this request. Doc. 56-1 ¶¶ 97, 100, 104. Plaintiffs argue in reply that they may bring claims for "actual damages" and contend that "actual damages" may include attorney fees. Doc. 69 at 4. Plaintiffs have no authority for this proposition. And, as Defendants note, this is akin to a motion for reconsideration because the Court has ruled against Plaintiffs on this issue and there are no relevant new facts in the proposed complaint. Plaintiffs offer no reason for the Court to reconsider its prior conclusion. Therefore, I recommend the Court find the proposed amended complaint would be futile insofar as it makes claims for attorney's fees under the copyright statutes.

**IV.    Defamation Per Se and Invasion of Privacy**

The proposed amended complaint alleges in the Seventh Cause of Action the "intentional tort of defamation per se." Doc. 56-1 at 31. The complaint alleges "Defendants did willfully publish a public communication with the defamatory material including certain asserted false statements of facts concerning the Plaintiffs." *Id.* ¶ 31. Count seven does not identify the allegedly defamatory publication with more specificity. However, the body of the complaint makes it clear that Plaintiffs' claim is based on the Jacobs article published in the Albuquerque Journal on December 15, 2016. *Id.* ¶ 26.

I previously recommended dismissal of this claim because the statute of limitations for a defamation claim is three years and begins running at the time of publication. Doc. 49 at 12.

Under New Mexico's single publication rule, multiple disseminations of the same content give rise to only one cause of action, and the statute of limitations runs from the first dissemination. Doc. 49 at 12. Plaintiffs filed this lawsuit more than three years after December 15, 2016. Doc. 1. Although no New Mexico case has decided the issue, I concluded that the discovery rule does not apply to toll this single-publication rule. Doc. 40 at 12-16.

I also noted that the single-publication rule applies to invasion-of-privacy claims under New Mexico case law. Doc. 49 at 12; *Vigil v. Taintor*, 2020-NMCA-037, ¶ 11. In her order adopting the PFRD, Judge Vázquez noted that the single-publication rule may not apply to invasion-of-privacy claims that are based on a physical act of trespass rather than a publication. Doc. 52 at 9. The proposed amended complaint brings its Eighth Cause of Action for "Invasion of Privacy Tort: False Light"; its Ninth Cause of Action for "Invasion of Privacy Tort: Intrusion Upon Seclusion"[4]; and its Tenth Cause of Action for "Invasion of Privacy Tort: Public Disclosure of Private Facts" based on a publication: the Jacobs article. Doc. 56-1 ¶¶ 78, 121-24, 127, 132. Therefore, the single-publication rule applies to these claims under *Vigil*.

Because the proposed amended complaint continues to allege a defamation claim and invasion of privacy claims based on the publication of an article more than three years prior to suit, with no additional facts raised to cure the previously identified defects, Plaintiffs' request to amend the complaint to include these counts is a request for reconsideration. In support of this

---

[4] To the extent the Ninth Cause of Action is based on an intrusion upon seclusion related to physical "interfere[nce] with [Plaintiffs'] photograph, business whiteboard, and United States Marshal Service badge," Doc. 56-1 ¶ 128, it may be included in the Amended Complaint as it was not subject to dismissal in the first place. *See* Doc. 49 at 17-18 (finding these allegations state a claim for relief); Doc. 52 at 9 (invasion of privacy torts based on a physical trespass are likely not subject to the single-publication rule). Therefore, Plaintiffs may include in their Amended Complaint the Ninth Cause of Action as it relies on physical interference with their property as described in paragraph 128, but not insofar as it is based on a "publication of the defamatory material" as described in paragraph 127.

request, Plaintiffs argue that the statute of limitations was "reset" when the material was published on a third-party website by Roxanne Sanchez, Plaintiff Jacobs' estranged niece, on January 23, 2020. Doc. 69 at 9; Doc. 56-1 ¶ 55. Plaintiffs do not explain how Defendants can be held liable for this third party's actions.[5] Plaintiffs also argue the statute of limitations was reset again when Defendants removed the article from their website in September 2020. Doc. 69 at 9; Doc. 56-1 ¶ 55. Plaintiffs, however, offer no support for the novel proposition that *de*publication (removal from the public) constitutes *re*publication. This argument defies logic. In sum, Plaintiffs offer no good reason for the Court to reconsider its previous holding. Therefore, I recommend the Court deny the request to amend the complaint to include this count.

## V.  Civil Conspiracy

The proposed amended complaint alleges in the Eleventh Cause of Action the tort of "civil conspiracy." Doc. 56-1 at 35-36. Defendants argue that this proposed count fails to state a claim under the "intracorporate conspiracy doctrine." Doc. 66 at 20. This doctrine holds that because a business and its agents are not legally separate entities, there can be no conspiracy as among them. *Hatfield v. Cottages on 78th Cmty. Ass'n*, No. 21-4035, 2022 WL 2452379, at *5 (10th Cir. July 6, 2022) ("[A]s a general rule, it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself, because they do not constitute two separate persons." (internal quotation marks omitted)); *Mayer v. Bernalillo Cnty.*, No. 18cv666, 2019 WL 130580, at *28 (D.N.M. Jan. 8, 2019) ("[C]ourts in other jurisdictions have held that the intra-corporate conspiracy doctrine establishes that an agent is not liable for conspiring with

---

[5] "[A] third party's posting the statement elsewhere on the internet" is not republication extending the statute of limitations against the original publisher. *Clark v. Viacom Int'l Inc.*, 617 F. App'x 495, 505 (6th Cir. 2015); *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1087-88 (D.C. Cir. 2007) ("At best, the third-party reproductions [on the Internet] constitute mere continuing impact from past violations that is not actionable as a new cause of action" (cleaned up)).

the principal when the agent is acting in an official capacity on behalf of the principal." (internal quotation marks omitted)).

Plaintiffs argue that "Defendants Thompson, Perez, Petroski, Moses and Does specifically are responsible for intentional torts while acting outside of the scope of their employment or against company directives or policy." Doc. 69 at 25. Indeed, the case law recognizes that "[t]he intra-corporate conspiracy doctrine is a bar to liability, however, only when the agent acted solely in an official capacity; if the agent acted for his own benefit, there may be liability." *Mayer*, 2019 WL 130580, at *28.

Nonetheless, the problem with Plaintiffs' argument is that their own proposed complaint alleges that "each of the following Defendants sued was an agent and/or employee of the Journal and was at all times of the violations acting within the purpose and scope of such agency and employment." Doc. 56-1 ¶ 4. Plaintiffs also do not explain how the factual assertions in the complaint—that the defendants who were employed as news reporters, investigated a story, and wrote a newspaper article about it for their employer—plausibly allege that any individual defendant acted for their own benefit outside their employment.

Plaintiffs' proposed complaint fits squarely within the intracorporate conspiracy doctrine. I predict that New Mexico state courts would follow this doctrine, and Plaintiffs do not argue otherwise. Therefore, I recommend the Court find this count to be futile.

VI. **Intentional Infliction of Emotional Distress**

The proposed amended complaint alleges in the Twelfth Cause of Action the "intentional infliction of emotional distress tort." Doc. 56-1 at 36-37. To state an intentional-infliction-of-emotional-distress claim, a plaintiff must allege: (i) the conduct in question was extreme and outrageous; (ii) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; (iii) the plaintiff's mental distress was extreme or severe; and (iv) there is a causal

9

connection between the defendant's conduct and the claimant's mental distress. *Trujillo v. N. Rio Arriba Elec. Co-op, Inc.*, 2002-NMSC-004, ¶ 25, 41 P.3d 333, 342. "[T]he trial court should determine as a matter of law whether the conduct at issue reasonably may be regarded as so extreme and outrageous that it will permit recovery under the tort of intentional infliction of emotional distress." *Id.* ¶ 26. "When reasonable persons may differ on that question, it is for the jury to decide, subject to the oversight of the court." *Id.*

Defendants contend that this count is futile because "[n]one of the conduct claimed by Plaintiffs – entering a home on the invitation of the occupants, taking photos of a site that was the subject of a federal search warrant execution, publishing information of public concern – rises to the level of extreme and outrageous conduct." Doc. 66 at 22. But this description neither accurately recites Plaintiffs' allegations nor captures the totality of their allegations. The proposed amendment complaint does not allege that Defendants had permission to enter the home from the occupants. To the contrary, it repeatedly alleges that Defendants Perez and Thompson trespassed into the home and "remained on the Property without the written permission of the Plaintiffs or anyone else." *E.g.*, Doc. 56-1 ¶¶ 28, 66. Defendants Perez and Thomas "stole[] from a frame in their home" during this trespass, *id.* ¶ 29 (and counsel for Defendants refused to return it when asked, *id.* ¶ 112), photographed Plaintiffs' private property inside the home without Plaintiffs' permission, *id.* ¶¶ 33, 69, and rummaged through the top dresser drawer in Plaintiffs' master bedroom, *id.* ¶ 72. The proposed complaint further alleges that Defendants took these actions with the intent to publish a defamatory article that cast Plaintiffs in a misleading and unfavorable light. *Id.* at 24-26.[6]

---

[6] This citation is to pages rather than paragraphs, as the numbering for paragraphs 88 and 89 is inadvertently repeated.

In other words, Plaintiffs allege Defendants entered their home without permission, photographed some of their belongings without permission, rummaged through their private belongings, and stole some of their property. Moreover, Defendants did this in support of their intent to write a misleading and unflattering news article about Plaintiffs. I do not agree that these allegations—if taken as true, as they must be at this stage—are insufficient to state a claim of extreme or outrageous conduct as a matter of law. *Trujillo*, 2002-NMSC-004, ¶ 26 ("When reasonable persons may differ on that question, it is for the jury to decide . . . ."). Defendants do not raise any further arguments in support of their motion. Thus, I recommend the Court grant Plaintiffs permission to include this count in their amended complaint.

## VII. Individual Defendants

Defendants argue that the proposed complaint fails to state a claim against the following individual defendants: (1) William P. Lang, the publisher of the Albuquerque Journal; (2) Karen Moses, the current editor-in-chief of the Albuquerque Journal, and the Managing Editor at the time of publication, and who allegedly approved the article and photographs for publication; and (3) Kent Walz, who is retired from the Journal as its Editor in Chief, was an employee of the Journal on December 15, 2016, remains with the Journal as a senior editor, and allegedly approved the article and photograph for publication. Doc. 66 at 23-24. Previously, I stated in the PFRD:

> Publishers and editors are common defamation plaintiffs and may also be held liable for copyright infringement. *See, e.g.*, *Calder v. Jones*, 465 U.S. 783 (1984) (libel case against writer and editor of article); *Gertz v. Welch*, 418 U.S. 323 (1974) (libel case against magazine publisher); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340 (1991) (copyright infringement action against publisher); 17 U.S.C. § 501(a) ("[a]nyone" who violates exclusive rights of copyright owner has committed copyright infringement). By alleging that Lang is the Albuquerque Journal's publisher and that Plaintiffs reached out to Lang to address the alleged theft (Doc. 1 ¶ 28), the complaint allows for the plausible inference that Lang published the Jacobs article. Similarly, the complaint states that Moses approved the article. Therefore, I do not recommend dismissing Count

11

> 1 (copyright infringement) or Count 8 (defamation) as to Defendants Lang and Moses on the basis that there are no allegations against these individuals.

Doc. 49 at 20-21 (some citations omitted). Judge Vázquez adopted this recommendation. Defendants do not address this reasoning. Therefore, I find that Defendants do not offer a basis for the Court to reconsider these conclusions. I recommend the Court decline to find that all claims against Lang, Moses, or Walz would be futile, on the grounds raised by Defendants at this time.

## CONCLUSION

I recommend that the Court grant Plaintiffs' Motion For Leave To File Second Amended Complaint, Doc. 56, in part. I recommend that Plaintiffs be granted leave to file an amended complaint. However, I recommend that the Court find that the following claims in Plaintiffs' proposed amended complaint (Doc. 56-1) would be futile, and the Plaintiffs should file an amended complaint without these claims for relief:

- a claim under 17 U.S.C. § 1202(b) for removal or alteration of copyright management information;
- a claim for attorney's fees under the copyright statute;
- the Seventh Cause of Action for "defamation per se";
- the Eighth Cause of Action for "Invasion of Privacy Tort: False Light";
- the Ninth Cause of Action for "Invasion of Privacy Tort: Intrusion Upon Seclusion" to the extent it is based on publication of defamatory material (but not to the extent it is based on a physical trespass/interference with physical property);
- the Tenth Cause of Action for "Invasion of Privacy Tort: Public Disclosure of Private Facts"; and
- the Eleventh Cause of Action for "civil conspiracy."

*Steve Yarbrough* (signature)
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**