IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

    Plaintiffs,

v.                                                                                      Case No. 1:21-cv-00690-MV-SCY

THE JOURNAL PUBLISHING COMPANY
d/b/a/ THE ALBUQUERQUE JOURNAL,
WILLIAM P. LANG, NICHOLE PEREZ,
JAMES THOMPSON, ELISE KAPLAN,
KAREN MOSES, and DOES 1 THROUGH 20,
INDIVIDUALLY OR JOINTLY AND SEVERALLY,

    Defendants.

## ORDER OVERRULING PLAINTIFFS' OBJECTIONS AND ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Plaintiffs' Motion For Leave To File Second Amended Complaint (Doc. 56). Plaintiffs are proceeding *pro se*. In his Proposed Findings and Recommended Disposition ("PFRD"), filed January 25, 2023, United States Magistrate Judge Steven C. Yarbrough recommended that Plaintiffs be granted leave to file an amended complaint but that the Court find that the following claims in Plaintiffs' proposed amended complaint (Doc. 56-1) would be futile, and the Plaintiffs should file an amended complaint without these claims for relief:

- a claim under 17 U.S.C. § 1202(b) for removal or alteration of copyright management information;
- a claim for attorney's fees under the copyright statute;
- the Seventh Cause of Action for "defamation per se";
- the Eighth Cause of Action for "Invasion of Privacy Tort: False Light";

- the Ninth Cause of Action for "Invasion of Privacy Tort: Intrusion Upon Seclusion" to the extent it is based on publication of defamatory material (but not to the extent it is based on a physical trespass/interference with physical property);

- the Tenth Cause of Action for "Invasion of Privacy Tort: Public Disclosure of Private Facts"; and

- the Eleventh Cause of Action for "civil conspiracy."

Doc. 70 at 12.

On March 21, 2023, Plaintiffs timely filed their Objection in Part and Approval in Part For Proposed Findings and Recommended Disposition (Doc. 76). Plaintiffs' Objections are now before the Court. The Court has considered Plaintiffs' motion (Doc. 56), Defendants' response (Doc. 60), Plaintiffs' reply (Doc. 61), Defendants' supplemental response (Doc. 66), Plaintiffs' supplemental reply (Doc. 69), the Magistrate Judge's PFRD (Doc. 70), and Plaintiffs' objections (Doc. 76), in light of the legal standards described below, and has conducted a de novo review. Based on the Court's review, the Court finds that Plaintiff's objections to the Magistrate Judge's PFRD are not well-taken and therefore ADOPTS the recommendation as set forth above.

**LEGAL STANDARD**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

When plaintiffs proceed pro se, the court generally construes their pleadings liberally, holding them to a less stringent standard than those a party represented by counsel files. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In so doing, the court makes allowance for pro se litigants' "failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements." *Id.* The court will not, however, construct arguments or search the record for the pro se party. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Issues will be waived if the pro se party's briefing "consists of mere conclusory allegations with no citations to the record or any legal authority for support." *Id.*

## BACKGROUND

On December 11, 2016, Plaintiffs were arrested for white collar crimes. Doc. 1 at 4 ¶ 22. A few days later, on December 15, 2016, the Albuquerque Journal published an online article (the "Jacobs article") discussing Plaintiffs' indictment and details of the alleged crimes. *Id.* at 5 ¶ 23.

Plaintiffs were in custody at the time, but they discovered the article on September 28, 2019, months after their July 2019 release. Doc. 38 at 8 ¶ 14.

Plaintiffs objected to several aspects of the article, especially a photograph that it contained (the "Cannes photograph") depicting Plaintiffs standing in front of two yachts. Plaintiffs allege that Defendants Nichole Perez and James Thompson trespassed onto their property and stole a physical copy of this photograph for use in the article. Doc. 1 at 6 ¶ 27. They also allege that the Albuquerque Journal's use of the Cannes photograph was a copyright violation, that use of the photo by other sources constituted further violations, and that the photograph's context in the article placed Plaintiffs in a false light. *Id.* at 6-7 ¶¶ 30-31.

The Court dismissed Plaintiffs' original complaint but granted leave to file a motion to amend the complaint. Defendants opposed the motion to amend in part, arguing that the following counts in the proposed amended complaint are futile and would be subject to dismissal: contributory copyright infringement; copyright management infringement; attorney's fees; defamation per se and invasion of privacy; civil conspiracy; intentional infliction of emotional distress; and all claims against William P. Lang, Karen Moses, and Kent Walz. The magistrate judge found that Plaintiffs' proposed claims for removal or alteration of copyright management information, attorney's fees, defamation per se and invasion of privacy (to the extent the claims are based on a publication), and civil conspiracy fail to state a claim and would therefore be futile. The magistrate judge found that Plaintiffs' remaining claims are not futile and, accordingly, recommended that the Court allow Plaintiffs to amend their complaint to add them.

Defendants did not file objections to this recommendation. Plaintiffs filed objections, which the Court examines below.

DISCUSSION

I.      **Defamation**

Plaintiffs object to the PFRD's recommendation that inclusion of a defamation claim in the amended complaint is futile due to the statute of limitations. Doc. 76 at 3-9. The magistrate judge explained:

> Because the proposed amended complaint continues to allege a defamation claim and invasion of privacy claims based on the publication of an article more than three years prior to suit, with no additional facts raised to cure the previously identified defects, Plaintiffs' request to amend the complaint to include these counts is a request for reconsideration. In support of this request, Plaintiffs argue that the statute of limitations was "reset" when the material was published on a third-party website by Roxanne Sanchez, Plaintiff Jacobs' estranged niece, on January 23, 2020. Doc. 69 at 9; Doc. 56-1 ¶ 55. Plaintiffs do not explain how Defendants can be held liable for this third party's actions. Plaintiffs also argue the statute of limitations was reset again when Defendants removed the article from their website in September 2020. Doc. 69 at 9; Doc. 56-1 ¶ 55. Plaintiffs, however, offer no support for the novel proposition that depublication (removal from the public) constitutes republication. This argument defies logic. In sum, Plaintiffs offer no good reason for the Court to reconsider its previous holding.

Doc. 70 at 7-8. Continuing in a footnote, the magistrate judge explained:

> "[A] third party's posting the statement elsewhere on the internet" is not republication extending the statute of limitations against the original publisher. *Clark v. Viacom Int'l Inc.*, 617 F. App'x 495, 505 (6th Cir. 2015); *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1087-88 (D.C. Cir. 2007) ("At best, the third-party reproductions [on the Internet] constitute mere continuing impact from past violations that is not actionable as a new cause of action" (cleaned up)).

*Id.* at 8 n.5.

In objections, Plaintiffs do not cite any authority supporting their argument that a third party's posting the statement elsewhere on the internet is a republication extending the statute of limitations. Plaintiffs' cases dealing with internet publications instead support the magistrate judge's reasoning:

- "[I]f a statement is 'posted to a generally accessible website, it is not republished by: . . . a third party's posting the statement elsewhere on the internet . . . ." *In re Min.*

5

*Res. Int'l, Inc*., 565 B.R. 684, 698 (Bankr. D. Utah 2017) (cited by Plaintiffs, Doc. 76 at 4);

- An internet republication that "does not alter the substance of the original publication" does not reset the statute of limitations. *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 174 (3d Cir. 2012) (cited by Plaintiffs, Doc. 76 at 6).

Plaintiffs contend that republication on a different website was intended to reach a different audience and therefore constitutes republication. Doc. 76 at 5. The New Mexico court of appeals has ruled that "distribution to a new audience" is not a dispositive factor, but "is a consideration that may give rise to republication." *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 17, 145 N.M. 533, 538. However, neither Plaintiffs' briefing nor the proposed amended complaint explains the difference in the audience of the two website publications.

More importantly, in the context of internet publication, the Court does not predict that New Mexico would hold that the statute of limitations is reset every time a third party copies or links to that article, regardless of whether the third party intended to reach a different audience. Such a rule would result in liability, virtually unlimited in time, for the actions of third parties online. *Cf. Woodhull*, 2009-NMCA-015, ¶ 11 ("Absent this [single-publication] rule, publishers and the mass media would be subject to a multiplicity of claims leading to potential harassment, excessive liability, and draining of judicial resources. As with traditional mass media, content on a public website is broadly available and easily reproduced. It may be viewed by literally millions in a broad geographic area for an indefinite time period. Thus, there is a similar if not greater need for the policy advanced by the single publication rule in the Internet realm.").

Finally, Plaintiffs cite no authority for the proposition that removing an image from publication actually constitutes publication. Doc. 76 at 9. The Court finds that it does not, and overrules the objection.

II. **Scope of employment**

Plaintiffs request leave to amend the complaint to clarify or remove the statement that each individual defendant "was an agent and/or employee of the Journal and was at all times of the violations acting within the purpose and scope of such agency and employment." Doc. 76 at 9-10. Defendants did not object to this request and the Court therefore grants it. In their amended complaint, Plaintiffs may remove or clarify this allegation. However, Plaintiffs are warned that a complaint cannot be a continually moving target. The amended complaint should be the final amendment unless Plaintiffs discover new facts in discovery that justify further amendment.

III. **U.S. Marshal's badge**

Plaintiffs object that the PFRD does not discuss the allegations relating to interference with a U.S. Marshal's badge. Doc. 76 at 10. This is untrue; the PFRD discussed how such allegations could state a physical trespass claim. Doc. 70 at 7 n.4. Moreover, Plaintiffs' objections are unclear as to the relief requested from this Court. The Court therefore overrules any objections on this ground.

IV. **Remaining recommendations**

Plaintiffs do not object to the remaining recommendations in the PFRD. Doc. 76 at 1-2.

## CONCLUSION

Following its *de novo* review, the Court agrees with the Magistrate Judge's recommendations. Accordingly, the Court ADOPTS the Magistrate Judge's PFRD (Doc. 70) and OVERRULES Plaintiff's Objections (Doc. 76).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Leave To File Second Amended Complaint, Doc. 56, is GRANTED in part. The following claims in Plaintiffs'

proposed amended complaint (Doc. 56-1) would be futile, and Plaintiffs shall file an amended complaint without these claims for relief:

- a claim under 17 U.S.C. § 1202(b) for removal or alteration of copyright management information;

- a claim for attorney's fees under the copyright statute;

- the Seventh Cause of Action for "defamation per se";

- the Eighth Cause of Action for "Invasion of Privacy Tort: False Light";

- the Ninth Cause of Action for "Invasion of Privacy Tort: Intrusion Upon Seclusion" to the extent it is based on publication of defamatory material (but not to the extent it is based on a physical trespass/interference with physical property);

- the Tenth Cause of Action for "Invasion of Privacy Tort: Public Disclosure of Private Facts"; and

- the Eleventh Cause of Action for "civil conspiracy."

Plaintiffs shall file an amended complaint separately on the docket within **30 days** of the date of this Order.

**IT IS SO ORDERED.**

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE