IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MICHAEL JACOBS and<br>RUBY HANDLER JACOBS,<br><br>      Plaintiffs,<br><br>vs.<br><br>**THE JOURNAL PUBLISHING COMPANY** *d/b/a* **THE ALBUQUERQUE JOURNAL; WILLIAM P. LANG; NICOLE PEREZ; JAMES THOMPSON; ELISE KAPLAN; KAREN MOSES; DEAN HANSON; KENT WALZ; MORGAN PETROSKI; and DOES 1 THROUGH 20; INDIVIDUALLY OR JOINTLY and SEVERALLY,**<br><br>      Defendants. | Case No. 1:21-cv-00690-MV-SCY |

**NOTICE OF PLAINTIFFS' WITHDRAWAL OF DOC. 85 AND REQUEST OF THE COURT PERMISSION TO FILE A REPLY TO THE ANSWERING DEFENDANTS' ANSWER**

COMES NOW *pro se*[1] Plaintiffs Michael Jacobs and Ruby Handler Jacobs ("Plaintiff Jacobs" and "Plaintiff Handler Jacobs" respectively or "Plaintiffs" collectively) file their Rule 216 Motion to Withdraw Doc. 8X  ("Motion") *Plaintiffs' Reply To Defendants Journal Publishing Company D/B/A Albuquerque Journal, William P. Lang, Nicole Perez, James Thompson, Elise Kaplan, And Karen Moses's Answer To Plaintiffs' Third Amended Complaint For Copyright Violation, Theft And Conversion, Trespass, Invasion Of Privacy And Intentional Infliction Of Emotional Distress, With Demand For Jury Trial*  (Doc. 82) ("Answer").  Plaintiffs

---

[1] The Supreme Court found that *pro se* pleadings should be held to "less stringent standards" than those drafted by attorneys. <u>Haines v. Kerner</u>, 404 U.S. 520 (1971), <u>Puckett v. Cox</u>, 456 F. 2d 233 (1972) (6th Cir. USCA).

1

filed their Reply on August 25, 2023.

Answering Defendants do not include Defendants Dean Hanson, Kent Walz, and Morgan Petroski ("additional Defendants") in their Doc. 82 answer. Opposing counsel has informed Plaintiffs that they are in the process of locating the Additional Defendants for service and representation (as counsel did with Perez and Thompson). Therefore, these Additional Defendants have not responded to the Amended Complaint.

## WITHDRAWAL OF PLEADINGS (RULE 216)

1. The first sentence of Rule 216(a) reads, "Any person may seek to withdraw its pleading by filing a notice of withdrawal." This change clarifies that it is the person who has submitted a pleading that may withdraw that pleading. The Commission also makes a "conforming change, to refer to "person" rather than "party," in Rule 216(c)."

2. Plaintiffs have learned that the filing of their Reply may not conform to motion practices in this District and, therefore after consulting with opposing counsel, who have agreed to this withdrawal filing, respectfully request that their filed Doc. 85 be withdrawn from the Record Proper.

3. Plaintiffs also seeks to rely upon the good offices of this Court to allow or disallow the withdrawal, which Rule 216(b)(1) states becomes effective "15 days from the date of a notice of withdrawal" Within this period, "The decisional authority may disallow, for a good cause, all or part of a withdrawal."

## REPLY TO AN ANSWER

4. Plaintiffs also requests an order to allow them to file a Reply as defined by Statute such as held by the <u>Cuesta v. SMT Holdings LLC</u>, Civil Action 21-cv-03094-NYW, at *10 (D. Colo. Aug. 29, 2022) court "A pleading is defined as "(1) a complaint; (2) an answer to a

complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) **if the court orders one, a reply to an answer**." Fed.R.Civ.P. 7(a) (Emphasis added).

5. In response to the Answer, Plaintiffs would rely upon *McNeal v. Otto*, 91 F.2d 289, 290 (10th Cir. 1937) wherein the court stated that "Appropriate denials to the affirmative defenses were pleaded by reply." This supports (7) in ¶ 4 above.

6. Plaintiffs assert that the Defendants' affirmative defenses are lacking enough information that would allow Plaintiffs to address said allegations.

> Rule 8(c), titled "Affirmative Defenses," states that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." *Id.* 8(c)(1). Unlike subsections (a) and (b), subsection (c) does not include any language requiring the party to state anything in "short and plain" terms. *See, e.g.,* Westbrook v. Paragon Sys., 2007 U.S. Dist. LEXIS 88490, at *2 (S.D. Ala. 2007) ("Neither [Rule 8(b) nor Rule 8(c)] expresses a requirement that the answer 'show' the defendant is entitled to prevail on its affirmative defense.")

*Deleon v. Arias*, Civ. No. 10-105 JH/RHS, at *4-5 (D.N.M. May 17, 2010)

7. Wherefore, Plaintiffs file this Notice to Withdraw Doc. 85 and further Plaintiffs respectfully requests that an order be issued allowing Plaintiffs to file a reply to the Answering Defendants' Answer.

Respectfully submitted this 29th day of August 2023.

| | |
|---|---|
| By: /s/ *Michael Jacobs* <br> Michael Jacobs <br> *Pro Se Plaintiff* <br> 800 Calle Divina NE <br> Albuquerque, NM 87113 <br> Tel: (505) 321-3044 <br> michael.mjphoto@gmail.com | By: */s/ Ruby Handler Jacobs* <br> Ruby Handler Jacobs <br> *Pro Se Plaintiff* <br> 800 Calle Divina NE <br> Albuquerque, NM 87113 <br> Tel: (505) 321-3055 <br> rubyhandler@gmail.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of August 2023, the foregoing was electronically filed through the Odyssey File & Serve system and that a copy of the foregoing was served electronically on the following parties:

PEIFER, HANSON, MULLINS & BAKER, P.A.
Charles R. Peifer
Gregory P. Williams
Post Office Box 25245
Albuquerque, NM 87125-5245
Tel: 505-247-4800
Email: cpeifer@peiferlaw.com
         gwilliams@peiferlaw.com

*Attorneys for Defendants Journal Publishing Co.*
*d/b/a Albuquerque Journal, William P. Lang,*
*Nicole Perez, James Thompson, Elise Kaplan and*
*Karen Moses*


*/s/Michael Jacobs*
Michael Jacobs