IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

      Plaintiffs,

vs.                                                  Civ. No. 21-690 MV/SCY

THE JOURNAL PUBLISHING COMPANY
d/b/a THE ALBUQUERQUE JOURNAL;
WILLIAM P. LANG; NICOLE PEREZ; JAMES
THOMPSON; ELISE KAPLAN; KAREN MOSES;
DEAN HANSON; KENT WALZ; MORGAN
PETROSKI; and DOES 1 THROUGH 20;
INDIVIDUALLY OR JOINTLY and
SEVERALLY,

      Defendants.

## ORDER EXTENDING TIME FOR SERVICE

      Plaintiffs filed the present motion asking the Court to find that Defendants Dean Hanson, Kent Walz, and Morgan Petroski have been properly served with service of process of the amended complaint. Doc. 113. The Defendants currently in the case oppose the motion. Doc. 117. Because Plaintiffs offer no legal authority for the Court to deem unserved defendants to be served, the Court denies this request. However, the Court will extend the deadline for Plaintiffs to serve the missing defendants.

      On July 29, 2023, Plaintiffs filed an amended complaint which included three new defendants: Dean Hanson, Kent Walz, and Morgan Petroski. Doc. 79. The deadline to serve these defendants expired on October 27, 2023. Fed. R. Civ. P. 4(m). On September 26, 2023, the Court held a scheduling conference and warned Plaintiffs about the upcoming deadline to serve these defendants. Doc. 93. Plaintiffs explained that they had asked Mr. Williams, counsel for the current defendants in the case, to accept service on these defendants' behalf. Mr. Williams

indicated that "the three missing defendants are former employees of the Journal" and "[h]e believes it is likely they will ask him to represent them and he will likely accept service of process on their behalf." *Id.* The Court entered a subsequent written order advising that, "If Plaintiffs need additional time to effect service, they should file a motion to request it." Doc. 94.

On October 23, 2023, in response to a request from Plaintiff Michael Jacobs seeking "an update on the above mentioned defendants," counsel for the current defendants stated that, "This will confirm that my firm will represent these defendants." Doc. 113-1. Nothing in this email chain clarified whether counsel was accepting service on behalf of these defendants. *Id.* In response to the current motion, defense counsel states:

> Notwithstanding counsel's good-faith communication with Plaintiffs informing them that counsel would represent the newly-added defendants, Plaintiffs did not subsequently ask defense counsel to accept service of process on behalf of the newly-added defendants, nor to waive service in accordance with Rule 1-004(d). Upon information and belief, Plaintiffs have not attempted to serve these defendants by any means.

Doc. 117 at 3.

Because Plaintiffs provide no proof that they have served these three defendants, the Court does not find that they have been served. In addition, Plaintiffs provide no legal authority permitting the Court to "deem" these defendants served, on the basis of an email chain confirming that counsel will represent them. However, the Court recognizes that Plaintiffs did, at one point, request that opposing counsel accept service on these defendants' behalf, and counsel indicated they "likely" would do so. Doc. 93. It is not reasonable to hold Plaintiffs to the service deadline in Rule 4(m) when they were under the reasonable but apparently mistaken belief that defense counsel would be accepting service on the missing defendants' behalf.

There are two types of service extensions: mandatory and permissive. The plaintiff is entitled to a mandatory extension of time if the plaintiff can demonstrate good cause for failing

to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). "[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Avoiding or evading service of process may constitute "good cause." *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997). Under the "permissive" standard, if the plaintiff fails to show good cause, the court has discretion to either dismiss the case without prejudice or extend the time for service. *Espinoza*, 52 F.3d at 842.

The Court finds that Plaintiffs have demonstrated good cause for failure to timely serve: opposing counsel's representations at the scheduling conference and through email that he likely would be able to accept service on behalf of his expected-soon-to-be clients provided Plaintiffs reasonable justification to delay efforts to effect service through some other means. Doc. 113 at 3. Even if these circumstances did not qualify as good cause, however, the Court would exercise its discretion to provide Plaintiffs a permissive extension of time to effect service.

THEREFORE, IT IS ORDERED THAT Plaintiffs' Motion To Compel is DENIED IN PART and GRANTED IN PART. Unless Defendants Dean Hanson, Kent Walz, and Morgan Petroski agree to waive service, Plaintiffs must serve them in order to avoid dismissal of these defendants. The deadline for Plaintiffs to effect service is April 11, 2024.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE