IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

      Plaintiffs,

v.                                                                                                  Civ. No. 21-690 MV/SCY

THE JOURNAL PUBLISHING COMPANY
d/b/a THE ALBUQUERQUE JOURNAL;
WILLIAM P. LANG; NICOLE PEREZ;
JAMES THOMPSON; ELISE KAPLAN;
KAREN MOSES; DEAN HANSON; KENT
WALZ; MORGAN PETROSKI; and DOES 1
THROUGH 20; INDIVIDUALLY OR
JOINTLY and SEVERALLY,

      Defendants.

## ORDER REGARDING MOTION TO CLARIFY

Plaintiffs filed the present Motion Seeking Relief From The Court To Clarify The September 26, 2023 Status Conference Agreements. Doc. 119. Plaintiffs argue that "it was agreed that only one set [of discovery] would be provided by Plaintiffs instead of multiple sets for each of the Defendants, i.e. Journal Publishing Company d/b/a The Albuquerque Journal ("Journal"), William P. Lang, Nicole Perez, James Thompson, Elise Kaplan and Karen Moses." Doc. 119 at 1. "The procedure was to provide requests directed toward the individual Defendants when applicable, which was done, and then [Defendants'] Responses were to indicate who was actually responding." Doc. 119 at 4.

Plaintiffs contend that Defendants did not follow this procedure when responding to discovery, and instead answered discovery without indicating which defendant was responding. Doc. 119 at 4. Plaintiffs request that the Court "provide clarification as to the agreements at the conference in that only one set would be provided by Plaintiffs instead of multiple sets for each

of the Defendants and that Defendants were to provide the names of those answering the Requests." Doc. 119 at 5. In response, Defendants state: "Such a procedure would be unusual, and, in fact, no such agreement was reached. To the extent that the Court wishes to clarify anything from the scheduling conference, Defendant requests that the Court state that no such agreement was reached, nor did the Court authorize such a procedure." Doc. 120 at 3.

The September 26, 2023 Rule 16 scheduling conference was held on the record. *See* Doc. 93 (clerk's minutes). Plaintiffs may request a copy of this recording by emailing records@nmd.uscourts.gov. The Court has reviewed the recording and confirmed that the parties did not reach any agreement on this topic. Although Plaintiff Jacobs indicated he wished to serve discovery cumulatively, counsel for Defendants clearly and explicitly disagreed. *See* 9/26/23 recording at 17:46-18:16. Counsel for Defendants stated discovery requests would "need to be directed to individual defendants." *Id.* The Court did not comment or rule on the appropriate procedure and did not issue any order specifying how Plaintiffs should direct discovery. Because Plaintiffs have not moved for any such order now, and have not filed a motion to compel discovery responses, the Court will not consider any such relief.

Plaintiffs further represent that, "The parties have deemed any further discussions with Defendants regarding discovery to be futile as evidenced by opposing counsel's March 6, 2024 response." Doc. 119 at 3. The Court reminds Plaintiffs of the duty to meet and confer prior to filing a motion:

> The Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.

2

> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically.

Doc. 83 at 2. Plaintiffs are advised that failure to confer regarding a future motion to compel discovery could result in denial of their motion on this ground alone.

    SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

3