IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

      Plaintiffs,

      v.                                                                    Civ. No. 21-690 MV/SCY

THE JOURNAL PUBLISHING COMPANY
d/b/a THE ALBUQUERQUE JOURNAL;
WILLIAM P. LANG; NICOLE PEREZ;
JAMES THOMPSON; ELISE KAPLAN;
KAREN MOSES; DEAN HANSON; KENT
WALZ; MORGAN PETROSKI; and DOES 1
THROUGH 20; INDIVIDUALLY OR
JOINTLY and SEVERALLY,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO STRIKE**

Plaintiffs filed the present motion to strike certain paragraphs Defendants included in their answer that are not affirmative defenses. Doc. 90 (motion); Doc. 83 (answer to operative complaint). Plaintiffs argue that, "All of Defendants' Affirmative Defenses, save Second, Third and Seventeenth defenses, contain facts and assertions that would operate if at all, to negate the Amended Complaint, rather than to defeat Plaintiffs' claims and thus not being defenses that brings up new facts or issues not in the Complaint." *Id.* at 4. Plaintiffs argue that Defendants have included "mere denials" as well as defenses that rely on factual and legal issues which Plaintiffs dispute. *Id.* at 6-18. Plaintiffs also assert that the defenses are "scandalous." *See id.*

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions to strike "are not favored, often being considered purely cosmetic or 'time wasters.'" *Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 630 (D.N.M. 2013) (quoting 5C C. Wright

& A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004)). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953); and *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977)). "The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *Id.* (internal quotation marks omitted).

 First, Plaintiffs move to strike Defendants' "affirmative defenses" that Plaintiffs characterize as denials rather than affirmative defenses. Defendants' First Affirmative Defense – "Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted" –falls into this category. Doc. 82 at 17. The Court assumes, without deciding, that such "affirmative defenses" are actually denials. Even so assuming, at a minimum, these denials provide Plaintiffs notice of Defendants' contentions. There is no time and money saved by moving to strike them; instead, a motion to strike is a waste of time and money. For that reason, the Court will not strike "mere denials." The recitation of "mere denials" in Defendants' list of affirmative defenses causes Plaintiffs no prejudice in the prosecution of this lawsuit and does not affect any material issue in the case by being included in an answer. That is, granting the relief Plaintiffs request would not prevent Defendants from continuing to deny Plaintiffs' allegations. Striking them would be a mere "cosmetic" change.

 Plaintiffs also challenge some of Defendants' "affirmative defenses" that, while not denials, still arguably do not fit the definition of an affirmative defense. *See* "Defense," Black's Law Dictionary (11th ed. 2019) (defining "affirmative defense" as "A defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the

allegations in the complaint are true"). For instance, in their sixteenth "affirmative defense," Defendants assert: "Plaintiffs' claims for punitive damages may violate the Constitutions of the United States and the State of New Mexico." Doc. 82 at 18. Although this assertion may not fit the definition of an affirmative defense because it would reduce the damages for which Defendants are liable rather than defeat any claim of Plaintiffs, it nonetheless advises Plaintiffs of Defendants' contentions and causes no prejudice to Plaintiffs. To the contrary, by advising Plaintiffs of a legal position Defendants are likely to take if Plaintiffs obtain a significant punitive damage award, Defendants are placing Plaintiffs in a better position than Plaintiffs would be in if they were surprised by this argument later in litigation. Because this style of "affirmative defenses" benefits rather than prejudices Plaintiffs and because litigating their existence is a time-waster, the Court denies Plaintiffs' motion to strike these "affirmative defenses" from the answer.

Plaintiffs' main challenge, which covers the remainder of Defendants' "affirmative defenses" at issue in the motion to strike, lies against those of Defendants' "affirmative defenses" that cannot be resolved without further discovery and factual development. For instance, Plaintiffs assert that Defendants illegally entered their home and illegally obtained their copyrighted photograph. Under these facts, Plaintiffs argue, Defendants cannot credibly claim that the First Amendment or valid public concerns insulate Defendants from liability. Underlying such arguments, however, is a factual dispute that the Court cannot resolve on the present record. In the above example, an underlying factual dispute exists as to whether Defendants did illegally enter Plaintiffs' home and obtain their photograph.

Similarly, regarding Defendants' sixth affirmative defense (asserting Plaintiffs have waived, abandoned, or forfeited their rights to claim copyright infringement, or have acquiesced

in any alleged copyright infringement), Plaintiffs argue "Defendants have failed to rebut the undisputable evidence presented by Plaintiff[s]" and "Defendants have not provided any proof . . . ." Doc. 104 at 7. As another example, Plaintiffs seek a ruling on Defendants' copyright "fair use" defense, whether certain individual defendants had permission to be on Plaintiffs' property, or whether Defendants can prove their statute of limitations defense. The Court cannot address these arguments without addressing the factual disputes that bear on these arguments. And now is not the time to address such factual disputes.

Essentially, Plaintiffs' argument is that Defendants' defenses will not succeed. But a motion to strike is not the appropriate vehicle to litigate Defendants' merits positions, and the filing of a motion to strike therefore does not obligate Defendants to provide proof in support of their affirmative defenses. "[C]ourts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks and alterations omitted). The appropriate vehicles to litigate Plaintiffs' claims and Defendants' defenses are dispositive pretrial motions and/or trial, not a motion to strike.

Finally, Plaintiffs generally assert that numerous of the affirmative defenses Defendants include in their Answer are scandalous. None of Plaintiffs' complaints about any of Defendants' affirmative defenses, however, make a case for scandalousness. Defendants' disagreement with Plaintiffs about the merits of Plaintiffs' claims is not scandalous.

IT IS ORDERED that Plaintiffs' Motion To Strike Defendants' Insufficient Affirmative Defenses, Doc. 90, is DENIED.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE