IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

       Plaintiffs,

       v.                                          Civ. No. 21-690 MV/SCY

THE JOURNAL PUBLISHING COMPANY
d/b/a THE ALBUQUERQUE JOURNAL;
WILLIAM P. LANG; NICOLE PEREZ;
JAMES THOMPSON; ELISE KAPLAN;
KAREN MOSES; DEAN HANSON; KENT
WALZ; MORGAN PETROSKI; and DOES 1
THROUGH 20; INDIVIDUALLY OR
JOINTLY and SEVERALLY,

       Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING IN PART AND GRANTING IN PART
MOTION TO EXTEND DISCOVERY**

Plaintiffs Michael and Ruby Jacobs move for a 30-day extension of time to complete discovery. Doc. 126. Defendants oppose the request. Doc. 127. The Court agrees with Defendants that part of Plaintiffs' request comes too late. An extension for some specific discovery Plaintiffs seek, however, is justified. Thus, the Court grants in part and denies in part Plaintiff's motion.

Scheduling orders "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "Whether to extend or reopen discovery is committed to the sound discretion of the trial court" and one factor to consider is "whether the moving party was diligent in obtaining discovery within the guidelines established by the court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat.*

*Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotation marks omitted). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, No. CIV 02-1146 JB/LFG, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007). Rulings on discovery matters are within the broad discretion of the trial court. *See Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994).

Discovery in this case has been ongoing since September 2023. Doc. 91. Outside the specific requests discussed below, Plaintiffs do not explain why they could not have diligently met the discovery deadline in the time permitted. That is, Plaintiffs do not provide good cause for a general extension of all discovery and so the Court denies Plaintiffs' request for a general discovery extension. Correspondingly, the Court denies Plaintiffs' request to extend the deadline to file all discovery-related motions (currently set for May 6, 2024). Nonetheless, the Court will allow Plaintiffs to conduct the following specific discovery discussed in Plaintiffs' motion.

*Deposition of Defendant James Thompson*. The parties agree the discovery deadline should be extended for the purpose of taking Defendant Thompson's deposition. Doc. 127 at 2. Therefore, the Court grants this request.

*Deposition of Defendant William Lang*. Plaintiffs explain that they first asked for the deposition of Defendant Lang on December 14, 2023; that is, well in advance of the discovery deadline. Doc. 126 at 1. Plaintiffs state that they "agreed to wait [to take Defendant Lang's deposition] until the completion of [the Plaintiffs'] depositions." *Id.* In February, Plaintiffs again stated that they wished to begin Defendants' depositions after Plaintiffs' depositions, which were scheduled for mid-March. *Id.* at 2. On April 4, 2024, opposing counsel objected to a deposition

2

of Defendant Lang. *Id.* After an exchange of emails with opposing counsel discussing the issue, on April 15 Plaintiffs served Defendant Lang with a Notice of Video Deposition. *Id.*; Doc. 128-1 at 4. Because Plaintiffs first asked for this deposition in December 2023, and Defendants do not contest Plaintiffs' assertions that the parties were trying to work out the timing of the deposition and that Defendants did not object to the deposition until April 2024, the Court finds that Plaintiffs demonstrate good cause to extend the discovery deadline for the purpose of Defendant Lang's deposition.

In addition to arguing that Plaintiffs' attempt to depose Defendant Lang is untimely, Defendants argue that the deposition would be an impermissible apex deposition and so, even setting aside timeliness concerns, should not take place. Doc. 127 at 2. They state: "Should the Court determine that the discovery deadline should be extended, and should Plaintiffs choose to seek to take Mr. Lang's deposition during the extended period, Defendants would like the opportunity to present a motion for protective order on that issue." Doc. 127 at 2. The Court agrees that this is reasonable. Thus, the Court's present ruling only extends to the timeliness of Defendant Lang's deposition. Because it was not raised in the initial motion and only briefly mentioned in Defendants' response and Plaintiffs' reply, the Court declines to rule on whether this deposition is impermissible for other reasons. Defendants may pursue their apex argument (or any other non-timeliness argument) through separate motions practice.

*Written discovery served on Defendant Dean Hanson and Defendant Kent Walz.* For the reasons discussed in the Court's order of February 27, the Court found good cause to extend the deadline to serve Defendants Hanson and Walz. Doc. 118. Plaintiffs did then serve them with the complaint and, on April 5, 2024, Defendants Hanson and Walz filed their answers. Docs. 124 & 125. Plaintiffs then served written discovery requests on these defendants on April 14 and 15,

2024. Doc. 126 at 2; Doc. 127 at 2 & n.1; Doc. 128-2; Doc. 128-3. These requests were untimely, as the deadline to complete discovery expired on April 15.

Defendants protest that "Plaintiffs did not seek leave of court before serving these discovery requests, and only moved for extension of the discovery deadline after serving the discovery and after the discovery deadline had passed. Even in the present motion, Plaintiffs do not explicitly seek leave to serve these discovery requests." Doc. 127 at 3. Although all of this is true, because these defendants appeared in the case only ten days before the discovery deadline expired, Plaintiffs had no opportunity to serve them with timely discovery requests. Granted, Plaintiffs did have ten days to move to extend the discovery deadline before it expired. And they took twelve. Nonetheless, given the short period Plaintiffs had to file their motion once Defendants Hanson and Walz filed their answers, and given that Plaintiffs still only missed their deadline by two days, the Court will not deny Plaintiffs' motion to serve the Hanson and Walz written discovery for untimeliness. Further, although in their motion Plaintiffs did not carve out a specific request to extend the deadline for discovery related to Defendants Hanson and Walz, Plaintiffs' general request to extend *all* discovery clearly encompasses the more specific relief of leave to serve written discovery on these two defendants. The Court thus finds good cause to extend the deadline to conduct discovery related to Defendants Hanson and Walz. Absent valid objections or a protective order, Defendants Hanson and Walz must answer the written discovery served on April 14 and 15.[1]

THEREFORE, IT IS ORDERED THAT:

---

[1] Defendants request that if the Court extends the discovery deadline that it also "permit Defendants to timely object to the requests or seek a protective order." Doc. 127 at 3. This is a reasonable request, and the Court grants it. Defendants may do so by separate motion.

1. The deadline to complete discovery is extended for thirty days following the date of this order for the limited purposes outlined below.

2. The parties may take Defendant Thompson's deposition outside the discovery period within the next thirty days.

3. Within thirty days of the date of this order, Defendants Hanson and Walz shall respond or object to the written discovery served on April 14 and 15, 2024 or seek a protective order. If Defendants Hanson and Walz respond or object to the discovery, Plaintiffs shall have twenty-one days from the date of service of the responses to file a related motion to compel.

4. Within fourteen days of the date of this Order, Defendant Lang shall either agree to appear at a deposition at a mutually agreeable date or file a motion for a protective order.

5. At Defendants' request, Doc. 127 at 4, and Plaintiffs' nonobjection, Doc. 131 at 6, the Court permits all parties to supplement their prior written discovery responses during the 30-day extended discovery period.

6. Plaintiffs' request to extend the deadline to file any other discovery motion, which expired on May 6, 2024, is denied.

7. The Court vacates the deadlines to file pretrial motions other than discovery motions (May 13, 2024), and to submit the pretrial order (August 12 and August 26, 2024). The Court will reset these deadlines after the expiration of the 30-day extended discovery period, or the resolution of any discovery motions that may be filed, whichever occurs later.

8. These deadlines are subject to further requests for a reasonable extension of time.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE