IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

      Plaintiffs,

      v.    Civ. No. 21-690 MV/SCY

THE JOURNAL PUBLISHING COMPANY
et al.,

      Defendants.

## ORDER DENYING MOTION TO EXTEND DEADLINE FOR MOTION TO COMPEL

Plaintiffs Michael and Ruby Jacobs move for an extension of time to file motions to compel. Doc. 133. Defendants oppose the request. Doc. 136. Although Plaintiffs phrase their request as a motion to extend the deadline to file all motions relating to discovery, Doc. 133 at 1, the motion only mentions one reason Plaintiffs want to extend this deadline: to file a motion to compel related to a set of discovery Defendants answered on February 14, 2024. *See* Doc. 133 at 1-2. Because Plaintiffs do not show they were diligent in seeking to obtain an extension of the motion to compel deadline that expired (on March 6) with respect to this discovery, the Court denies Plaintiffs' motion.

## BACKGROUND

On December 16, 2023, Plaintiffs served Defendants the set of discovery requests in question. Doc. 133 at 1-2. Defendants served responses on February 14, 2024. Doc. 114; Doc. 136 at 2. Plaintiffs state they attempted to meet and confer with Defendants regarding these responses on February 23, 2024 and have made several attempts to confer since then. Doc. 133 at 2. Plaintiffs also state that they "believed that a Motion to Compel could be avoided if [Defendant William] Lang, as an individual and as a corporate representative, provided

discovery answers and required documents at his deposition." *Id.*[1]

On March 8, 2024, Plaintiffs filed a motion to clarify, asking the Court to clarify whether, at the Rule 16 scheduling conference in this case, Defendants had agreed that discovery could be served cumulatively on all defendants, rather than individually on each Defendant. Doc. 119. The Court issued an order on March 27, after reviewing the recording of the scheduling conference, stating that Defendants' counsel had not made such an agreement. Doc. 122. The Court also observed that Plaintiffs had not filed a motion to compel and reminded Plaintiffs of the duty to confer with opposing counsel before filing a motion to compel. *Id.* at 2-3.

When the Court issued this order in late March, the discovery end date was April 15, 2024, and the deadline for discovery motions was May 6, 2024. Doc. 116. In the month and a half remaining after the Court's order, Plaintiffs did not file a motion to compel. Instead, on April 17, Plaintiffs filed a motion to extend discovery deadlines, including the deadline to file discovery motions, but in neither the motion nor the reply did Plaintiffs mention any issues they thought remained with Defendants' February 14 discovery answers. Doc. 126; Doc. 131.

In an order issued May 9, the Court denied the request to extend all discovery related deadlines. The Court explained:

> Discovery in this case has been ongoing since September 2023. Doc. 91. Outside the specific requests discussed below, Plaintiffs do not explain why they could not have diligently met the discovery deadline in the time permitted. That is, Plaintiffs do not provide good cause for a general extension of all discovery and so the Court denies Plaintiffs' request for a general discovery extension. Correspondingly, the Court denies Plaintiffs' request to extend the deadline to file all discovery-related motions (currently set for May 6, 2024). Nonetheless, the Court will allow Plaintiffs to conduct the following specific discovery discussed in Plaintiffs' motion.

---

[1] Lang's deposition has not taken place, and Defendants have filed a motion for a protective order seeking relief from the notice of his deposition. Doc. 135.

2

Doc. 132 at 2. The Court extended discovery for the specific purposes of taking the depositions of Defendants Thompson and Lang, and to answer written discovery served on Defendants Hanson and Walz. *Id.* at 2-4.

On May 13, 2024, Plaintiffs filed the present motion to extend the motion to compel deadline in order to have more time to confer with Defendants "with regard to their incomplete response to" the discovery served December 16, 2023. Doc. 133 at 1. No issues pertaining to the depositions of Thompson and Lang or the written discovery served on Hanson and Walz are mentioned in this present motion, which only focuses on the written discovery served on all Defendants last December. The Court therefore construes the motion as pertaining only to the written discovery served on all Defendants last December.[2]

Defendants oppose the request to extend the time to file a motion to compel, noting that Plaintiffs were required to file a motion within 21 days of the date of Defendants' responses, or March 6, 2024. Doc. 136 at 2; D.N.M-LR.Civ. 26.6. Defendants also argue that the motion to extend should be considered a request for reconsideration, given that the Court on May 9 denied the request to extend the general discovery motions deadline.

## **DISCUSSION**

Scheduling orders "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "Whether to extend or reopen discovery is committed to the sound discretion of the trial court" and one factor to consider is "whether the moving party was diligent in obtaining discovery within the guidelines established by the court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). "In practice, this standard requires the movant to show the scheduling deadlines

---

[2] In the present order, the Court also does not decide any issues related to the depositions of Thompson and Lang and the time to file a motion to compel related to the written discovery served on Hanson and Walz.

cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotation marks omitted).

Plaintiffs do not demonstrate diligence. They state that Defendants' counsel expressed on March 6, 2024 that further attempts to communicate on this topic would not be productive. Doc. 140 at 4; Doc. 141-1 at 2. But Plaintiffs do not explain the delay between March 6 and the filing of this motion on May 13. Plaintiffs explain why they did not want to file a motion to compel (because they were hoping to take Defendant Lang's deposition), but they do not explain why they did not ask to extend the time to file a motion to compel when it expired on March 6.

Further, Plaintiffs do not satisfy the motion to reconsider standard. A court may grant a motion for reconsideration in three circumstances: "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Plaintiffs' arguments are not based on new evidence. Plaintiffs have not identified any clear error in the Court's rulings or the Defendants' February discovery responses. Plaintiffs do not offer any reason their arguments could not have been presented in their motion to extend discovery deadlines filed on April 17.

THEREFORE, IT IS ORDERED THAT Plaintiffs Motion To Extend Discovery Motion Deadline 10 Days For The Completion Of Final "Meet And Confer" (Doc. 133) is denied.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE