**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

        Plaintiffs,

      v.                                 Civ. No. 21-690 MV/SCY

THE JOURNAL PUBLISHING COMPANY
d/b/a THE ALBUQUERQUE JOURNAL;
WILLIAM P. LANG; NICOLE PEREZ;
JAMES THOMPSON; ELISE KAPLAN;
KAREN MOSES; DEAN HANSON; KENT
WALZ; MORGAN PETROSKI; and DOES 1
THROUGH 20; INDIVIDUALLY OR
JOINTLY and SEVERALLY,

        Defendants.

**<u>OMNIBUS ORDER DENYING IN PART AND
GRANTING IN PART MOTIONS TO COMPEL</u>**

In three separate motions, Plaintiffs Michael Jacobs and Ruby Handler Jacobs move to compel responses to written discovery they served on Defendants Kent Walz (Docs. 153, 154, 162, 167), Dean Hanson (Docs. 160, 161, 170, 172), and James Thompson (Docs. 156, 157, 164, 171). Because these motions raise many of the same arguments about identical discovery requests, the Court considers them together. The Court sustains Defendants' objections to most of the discovery requests or finds Defendants' existing answers to be sufficient. Further, the Court denies Plaintiffs' request to amend the previously served discovery requests and compel answers to the newly rewritten requests. However, the Court does order Defendants to supplement certain responses as discussed below, within 30 days of the date of this Order. The Court denies the remainder of the motions to compel.

**DISCUSSION**

The Court first addresses several of Plaintiffs' general arguments that apply to all

discovery requests, and then considers the separate categories of discovery at issue in turn.[1]

I.      **General Arguments**

A.      Amended/Supplemental Discovery Requests

In Plaintiffs' motions, they seek to amend their discovery requests and, as amended,

compel responses to the new versions. *See generally* Docs. 154, 157, 161. It is true that the Court

expects parties to offer compromises to resolve objections during the meet-and-confer process.

Plaintiffs contend they attempted to offer these modified questions during meet-and-confer but

Defendants declined to consider them. Doc. 167 at 3.

However, Plaintiffs' modified requests are often not a compromise position but a

completely different question. *Compare, e.g.*, Doc. 154-1 at 32 (original Walz Request for

Admission No. 12: "Admit that Defendant Perez, to the best of your knowledge, did not verify

information from the Plaintiffs side before publication."), *with* Doc. 154 at 11 (amended Walz

Request for Admission No. 12: "Admit that during the period that you were the editor of the

*Journal*, the *Journal* had an adopted Code of Ethics.").

Where the new questions are not completely different, they fail to cure the problems with

the original requests. For example, Plaintiffs offer to rewrite Walz Request for Admission No. 11

("a *Journal* employee who photographs personal and private information in a residence without

permission of the actual owner is acting outside of the *Journal*'s code of ethics and policies,"

Doc. 154-1 at 31) to instead state: "a *Journal* employee was not authorized to photograph

---

[1] This discussion does not include requests which Plaintiffs advise, in their reply briefs, that they are dropping.

personal, private and confidential information in a private residence without permission of the actual owner," Doc. 154 at 11.[2] As discussed in more detail below, both requests call for speculation and are not the type of requests about facts permitted by Rule 36.

And where a Defendant answered the request, Plaintiffs cannot simply change the request now because they did not like Defendant's answer. For example, Request for Admission No. 20 asked Defendant Walz to admit "that the *Journal* had a permission's department during the Period in Question." Doc. 154-1 at 33-34. After receiving a denial, Plaintiffs now wish to compel Defendant Walz to answer whether he admits "that at any time during the Period in Question that the *Journal* had any combination of a rights, clearance and/or permissions unit, team or individual assigned these duties." Doc. 154 at 12. In other words, Plaintiffs are seeking to ask a new, follow-up question after receiving an answer to their first question. A motion to compel is not the proper procedure to obtain responses to a new question.

In a few instances, however, the Court does agree that the parties' briefing meaningfully and productively clarifies an ambiguity which would enable Defendants to reasonably respond to the requests. Further, these few instances of clarification are simple enough that the parties could have reached a resolution without resort to motions practice, had they conferred on the topic. As explained below, in these instances, to avoid further litigation, the Court compels Defendants to respond to the requests to the fullest extent possible.

B.     Boilerplate Objections

Throughout their discovery responses, Defendants objected to many requests stating, with no further explanation, that the answering defendant "objects to this request on the grounds that

_____

[2] This example is identical for Defendant Hanson. Doc. 161-1 at 30 (Request for Admission No. 10); Doc. 161 at 15 (rewritten Request for Admission No. 10).

it is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence." *E.g.*, Doc. 154-1 at 29 (Walz), Doc. 161-1 at 29 (Hanson). Plaintiffs correctly note that this is a boilerplate objection, and that some case law discourages the use of boilerplate objections such as these. Doc. 154 at 8-9 (citing *Mayer Botz Enterprises LLC v. Cent. Mut. Ins. Co.*, No. 21cv992, 2023 WL 112270, at *2 (D.N.M. Jan. 5, 2023)). The Court does discourage the use of boilerplate objections. However, where an otherwise-meritorious objection is stated in boilerplate fashion and considerations against compelling discovery are clear the Court declines to compel discovery simply because an objection was presented in boilerplate fashion. Therefore, throughout this opinion, the Court addresses the merits of the requests and objections where appropriate.

## II.   Specific Discovery Requests

### A.   Requests for Admission

For its discussion, the Court groups the challenged responses to requests for admission into three categories: those with objections; those that state the defendant lacks sufficient information to admit or deny; and those that are denials.

#### 1.   Objections

Defendant Walz objected to a number of requests for admission on the grounds that they call for speculative responses to hypothetical situations. Requests for admission are permitted to inquire about facts and application of law to facts relevant to the case at bar. Fed. R. Civ. P. 36(a)(1), (A) (permitting a party to serve "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either."). By definition, facts about a case do not include speculative or hypothetical situations. Additionally, under Rule 26(b)(1), the relevance of admissions is diminished by the hypothetical nature of the requested admission. Therefore, many

4

courts refuse to enforce such requests for admission. *See, e.g.*, *Rubinstein v. Music Sales Corp.*, 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021) ("Requests for admission that call for the answer to hypothetical questions are not proper."); *Price v. Takata Corp.*, 2008 WL 11319692, at *5 (D.N.M. May 29, 2008) ("A request for admission may inquire about the facts of the case, the application of law to the facts, or opinions about either. . . . Price has not cited any authority to support her contention that Rule 36 encompasses hypothetical situations."); *Schartz v. Unified Sch. Dist. No. 512*, No. 95cv2491, 1996 WL 686862, at *3 (D. Kan. Nov. 25, 1996) ("To admit or deny the request would require speculation. . . . The court declines to order plaintiff to respond to them.").[3]

The Court considers the objections to each request for admission at issue in turn.

Walz Request for Admission No. 8:

Admit that you had the right and ability to supervise any suspected infringing conduct by *Journal* employees in your capacity as Editor of the *Journal*.

Doc. 154-1 at 31.

This request for admission is ambiguous. The term "infringing conduct" could relate to copyright and trespass allegations as in this case, or something entirely unrelated such as sexual harassment between *Journal* employees. The term could refer to illegal conduct that may or may not affect the employee's employment (for example, a DUI), conduct that violates a *Journal* employment policy but has nothing to do with the public (for example, misusing the *Journal*'s property while at the office), or conduct that has nothing to do with the employee's employment (for example, an at-fault car accident while off the clock). All of these examples "infringe" on

---

[3] Plaintiffs cite case law pertaining to whether hypotheticals are permissible in interrogatories. Doc. 167 at 11-12. The Court need not address whether these questions would be proper in interrogatories.

some set of law or policies, but an employer's authority or duty to investigate would be quite different in each situation. This request for admission calls for Defendant to hypothesize and speculate about different types of infringing conduct as it relates to his former role at the *Journal*, and such speculation would have little value as it pertains to fact or application of law to fact in this case, or an opinion about either.

However, unless a question is so ambiguous that a party cannot, in good faith, form a reply, parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial, ch. 11(IV)-D Requests for Admission (Nat'l Ed. May 2024 update) (citing *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994)). Furthermore, when a request for admission is ambiguous, the Court would typically require the parties to have a discussion in an attempt to resolve the ambiguity. Defendant Walz did not attempt to address Plaintiffs' request for admission to the fullest extent possible and Plaintiffs represent that Defendant's counsel refused to discuss the issue in an attempt to resolve any ambiguity in Plaintiffs' request.

Unfortunately, this case is now more than three years old, and the Court has little confidence that discussion between the parties would resolve the relatively minor, simple issue this request for admission presents. Although the Court typically is not in the business of rewriting discovery requests, to avoid further litigation, to expedite resolution of this issue, and because the parties should have conferred, the Court overrules the objection and requires Defendant Walz to respond to the request as clarified in Plaintiffs' briefing: "Admit that you had responsibility to supervise *Journal* editorial employees in your capacity as Editor of the Journal." Doc. 154 at 10.

<u>Walz Request for Admission No. 9:</u>

Admit that a *Journal* employee who enters a signed "No Trespassing" property "without possessing written permission of the owner or person in control of the land" is acting outside of the *Journal*'s code of ethics and policies. (See New Mexico Statute § 30-14-1(A)).

Doc. 154-1 at 31. This request also requires some speculation because the term "control" is ambiguous, especially when applied to the facts of this case. "Person in control" may refer to a tenant, a housekeeper, an adverse possessor, or the homeowner. The answer would turn on whether "control" includes some or all of these categories.

As explained above, a responding party should admit a request to the fullest extent possible, and explain in detail why other portions of a request may not be admitted. To avoid further litigation on this issue, the Court overrules the objection and grants Plaintiffs' motion to compel in part as to the non-speculative portion of the request: Defendant Walz, if he knows, shall admit or deny whether the *Journal* had a policy or code at the time relevant to the events in the complaint that prohibited its employees from entering, without any apparent authority, a property posted as "No Trespassing."

<u>Walz Request for Admission No. 10:</u>

Admit that a *Journal* employee who removes personal possessions from a residence without permission of the actual owner is acting outside of the *Journal*'s code of ethics and policies.

Doc. 154-1 at 31. The Court agrees that responding to this request for admission requires speculation regarding whether "owner" refers to the owner of the personal possessions or the owner of the residence. If the *Journal* employee is removing his or her own possessions (or someone else's possessions with that person's permission) from a residence, there is unlikely to be any ethical violation involved. The answer may vary if the employee is removing someone else's possessions from someone else's residence without permission of either. In this instance,

7

the Court finds Plaintiffs' question to be so ambiguous that Defendant cannot, in good faith, frame an intelligent reply. Further, the request is not susceptible to an easy rewrite or a qualified response. Its ambiguity is so severe that Defendant cannot provide a good faith response to the request; therefore, the Court denies Plaintiffs' motion to compel.

> Walz Request for Admission No. 11:
>
> Admit that a *Journal* employee who photographs personal and private information in a residence without permission of the actual owner is acting outside of the *Journal*'s code of ethics and policies.

Doc. 154-1 at 31. Here, Plaintiffs' use of the term "owner" is narrower than Plaintiffs' use of the term "owner or person in control" in Request for Admission 9. However, Plaintiffs do not indicate whether "owner" refers to the owner of the residence or the owner of the personal or private information. Defendant cannot answer the question without speculating and engaging in hypotheticals. For instance, if "owner" refers to the owner of the residence, but the personal and private information belongs to a tenant, Defendant's answer might be different than if the owner lived in residence and gave no permission to photograph private or personal information. Further, the term "personal and private information" is undefined and open to broad interpretation. Without rewriting the request completely, it is so ambiguous that Defendant cannot, in good faith, form a reply.

The Court therefore denies the motion to compel responses to Walz Request for Admission Nos. 10 and 11. The Court likewise denies the motion to compel responses to Hanson Request for Admission Nos. 7, 9, and 10 for the same reasons. The Court grants the motion to compel in part with respect to Walz Request for Admission No. 8. The Court grants the motion with respect to Hanson Request for Admission No. 8 (Doc. 161-1 at 9-10), for the reasons stated above with respect to Walz Request for Admission No. 9. If he knows, Defendant Hanson shall admit or deny whether the *Journal* had a policy or code at the time relevant to the events in the

complaint that prohibited its employees from entering, without any apparent authority, a property

posted as "No Trespassing."

Next, Defendants objected on the basis that the following requests are vague, seek

irrelevant information, and/or are not proportional to the needs of the case:

Hanson Request for Admission No. 7:

Admit that you had knowledge of the New Mexico trespass laws during your
Original Period in Question at the Journal.

Doc. 161-1 at 29.

This request is so ambiguous that the Court agrees that Defendant Walz cannot, in good

faith, form a reply. Every person is likely to have a lay understanding of some aspects of trespass

law, but unlikely to have expert legal knowledge of every detail of an entire body of state tort

law. Defendant Hanson cannot answer this request in a meaningful fashion that is likely to lead

to relevant evidence.

Walz Request for Admission No. 12:

The Society of Professional Journalists, in its Code of Ethics (September 6, 2014)
under "Seek Truth and Report It" it states "Journalists should be honest, fair, and
courageous in gathering, reporting, and interpreting information. Journalists
should take responsibility for the accuracy of their work. Verify information
before releasing it" (See Exhibit 1). Admit that Defendant Perez, to the best of
your knowledge, did not verify information from the Plaintiffs side before
publication.

Doc. 154-1 at 32. The Court agrees that the introductory language to this request for admission is

not a request for admission at all. But the operative sentence—"Admit that Defendant Perez, to

the best of your knowledge, did not verify information from the Plaintiffs side before

publication"—is a request for admission that appears to ask about the facts of this case.

Defendant Walz has not explained why he cannot state whether he knows the answer to this

question about Perez's actions. The Court will overrule his objection and require him to either

9

admit or deny, or state that he lacks sufficient information or knowledge, after reasonable inquiry, to admit or deny this request.

> Walz Request for Admission No. 33:
>
> Admit that in your long newspaper business experience that to place stories, images and headlines above the front page fold is an enticement for people to purchase the newspaper.

Doc. 154-1 at 37.

Defendant Walz objected to this request, among other things, on the grounds that it does not seek relevant information. The Court finds that this request for admission does not ask for admissions about a fact of this case or an application of law to fact or an opinion about either. Plaintiffs do not explain the relevancy in their motion to compel but, as noted above, instead seek to rewrite the request.

> Hanson Request for Admission No. 21:
>
> Admit you did not have any factual knowledge that the Cannes photograph had any direct relationship to the accusations Plaintiffs faced in the Indictment.

Doc. 161-1 at 6. Defendant Hanson argues in his response brief that this request for admission is unclear, and not a plain statement that is easy to admit or deny. Doc. 170 at 7. The Court agrees. This request contains a double negative and is difficult to parse. Moreover, "direct relationship" is so ambiguous that Defendant cannot, in good faith, form a reply. The Court will not compel a further response from Defendant Hanson.

> Hanson Request for Admission No. 22:[4]
>
> Admit that the *Journal* does not own the original Cannes photograph copyright.

Doc. 161-1 at 33.

---

[4] Plaintiffs served on Defendant Hanson two Request for Admission Nos. 22, and two Request for Admission Nos. 23. Doc. 161-1 at 12-13, 33. The Court assumes the motion to compel refers

Defendant Hanson argues that the term "original Cannes photograph copyright" is unclear. "Plaintiffs may be using the term 'original Cannes photograph' to refer to the photo that was displayed in their home; alternatively, they may be referring to the version that appeared in the *Journal*." Doc. 170 at 7. In reply, Plaintiffs explain:

> [T]he term "original Cannes photograph copyright" . . . was first used by opposing counsel to describe the image photographed by the creator, i.e., Plaintiff Jacobs, displayed in the Plaintiffs' home . . . .

Doc. 172 at 9.

The Court agrees with Plaintiffs that the request for admission is not so ambiguous as to justify an objection. Defendant Hanson should answer and may do so by setting forth his understanding of the definition of "original Cannes photograph" as used in his response (whether that is the photograph displayed in Plaintiffs' home or the photograph that appeared in the *Journal*).

<u>Hanson Request for Admission No. 23.</u>

> Admit that a photographic print must be scanned before being placed into a photo editing program for further insertion into a digital page layout.

Doc. 161-1 at 33. Defendant Hanson objected to this request as not relevant to the facts of this case, because the *Cannes* photograph was not scanned from a digital copy but a digital photograph taken by Defendant Thompson. Doc. 170 at 7-8. Regardless of whether this is true, the Court agrees that the request for admission is improper because it asks about generic hypotheticals rather than facts of this case or application of law to fact or an opinion about either.

---

to the versions quoted above due to the nature of the discussion in the briefs. *See* Doc. 170 at 7 nn.3-4.

> **Hanson Request for Admission No. 25:**
>
> Admit that your permission's department did not verify the ownership of the Cannes photograph.

Doc. 161-1 at 34. Defendant Hanson objected to this request because no permissions department existed at the time of publication of the Jacobs article. For the reasons discussed above, the Court has no basis to second-guess this statement based on the arguments Plaintiffs provide.

> **Hanson Request for Admission No. 26:**
>
> Admit that by allowing the placement of the Cannes photograph (and yachts) on the *Journal*'s websites and print edition, readers could have construed that the *Journal* misrepresented the image as it did not relate to the Jacobs Article.

Doc. 161-1 at 34. Defendant Hanson objected, and the Court agrees this request calls for a speculative answer for the reasons discussed above. Rule 36 does not encompass asking an individual defendant to admit or deny a statement about what generic readers could or could not have concluded about a newspaper article.

> **Hanson Request for Admission No. 28:**
>
> Admit that you had the ability at the *Journal* during the Original Period in Question, to enter IPTC metadata on any photograph published in the *Journal* and displayed online.

Doc. 161-1 at 34. Defendant Hanson argues that the term "enter IPTC metadata" is not clear and subject to different interpretations; and that the request covers any and all photographs used by the *Journal* and not just the photos relevant to this lawsuit. As above, however, the Court finds that this request is not so ambiguous as to justify an objection on that ground. Defendant Hanson must give a response to the fullest extent possible. If Defendant has an understanding of the term "enter IPTC metadata," he should set forth that understanding and then answer the request for admission. If he does not have an understanding of the term, he should so state rather than simply objecting.

2.      <u>Cannot admit or deny</u>

Defendants Walz and Hanson responded to a number of requests for admission stating that they can neither admit nor deny the matter. Plaintiffs challenge these answers and move for further responses to amended/clarified requests for admission.

<u>Walz Request for Admission No. 7:</u>

Admit that during your employment as a senior editor at the *Journal* on or about December 14, 2019 you have knowledge of the Plaintiffs' December 14, 2019 demand letter to Defendant Lang.

Doc. 154-1 at 30.

<u>Walz Request for Admission No. 15:</u>

Admit that you approved the usage of private and personal information in the whiteboard photograph taken by Defendant Thompson prior to publication at the *Journal*.

Doc. 154-1 at 32.

<u>Walz Request for Admission No. 16:</u>

Admit that you viewed the Cannes photograph prior to publication in the *Journal*.

Doc. 154-1 at 33.

<u>Walz Request for Admission No. 32:</u>

Admit that you gave permission to Moses to publish the Jacobs Article and Cannes photograph.

Doc. 154-1 at 37.

For all of these, Defendant Walz responded that he "lacks sufficient information or knowledge, after reasonable inquiry, to admit or deny this request." Doc. 154-1 at 30, 32-33, 37. Plaintiffs challenge this answer, stating that Defendant Walz must have approved the photo and article at a daily editor's meeting. Doc. 154 at 11-12. But Defendant's response is not a denial; it is that he lacks knowledge to admit or deny. In his response, Defendant Walz explains:

> Plaintiffs' claims arise out of an article that appeared in the *Journal* on December 15 and 16, 2016, over seven and a half years ago. Defendant Walz was not involved in the writing or reporting of the article, nor with taking the photographs or providing the photos to others after publication. Also, Defendant Walz worked for the *Journal* for 37 years, and was editor for 22 of those years. He retired from the *Journal* in 2021. During the time that Defendant Walz worked for the *Journal*, it was published daily, meaning that the number of articles that appeared in the newspaper is in excess of 100,000.

Doc. 162 at 4. Plaintiffs have not provided any information on the basis of which the Court could second-guess Defendant Walz's assertion that he simply does not remember. The Court denies the request to compel further answers to these requests for admission.

For the same reasons, the Court denies the motion to compel further responses from Defendant Hanson, who stated he could neither admit nor deny the following requests for admission:

> Hanson Request for Admission No. 6:
>
> Admit that as Acting Photo Editor you gave photographer Jim Thompson ("Thompson") the photo assignment ("assignment") to accompany Perez to the Jacobs residence.

Doc. 161-1 at 29. Defendant Hanson explains in response to the motion to compel that he is retired and simply does not recall something that happened in 2016 at this level of specificity. Doc. 170 at 4, 5-6, 9. Plaintiffs request that "the Court order Defendant to provide how, to whom, what, when and where a reasonable inquiry was made" sufficient to enable Defendant Hanson to state he can neither admit nor deny the request. Doc. 172 at 7.

Defendant Hanson argues that he is no longer employed by the *Journal* and has no duty to contact former coworkers such as Defendant Thompson to obtain the information. Doc. 170 at 4. This is incorrect. "A reasonable inquiry generally includes requesting information from co-defendants and their counsel." *Odom v. Roberts*, 337 F.R.D. 347, 352 (N.D. Fla. 2020). But in this case, the Court will not require Defendant Hanson to answer a legally binding admission on

14

the basis of a former coworker's memory. *F.D.I.C. v. Halpern*, 271 F.R.D. 191, 194 (D. Nev. 2010) ("'When imposing an obligation on the responding party to seek out information in order to answer a request, the courts have generally acted only in circumstances in which the responding party has the means independently to ascertain the truth.'" (quoting *SEC v. Thrasher*, No. 92cv6987, 1996 WL 507318 (S.D.N.Y. Sept. 6, 1996)); *id.* (no duty to seek information where "requests related to matters solely within the personal knowledge of [a] former employee, whose recollections, if any, would not be binding on the defendant"). As Defendant Hanson does not recall the event in question, he has no way of verifying whether Defendant Thompson's memory on the topic would be accurate. The concept of "reasonable inquiry" does not in this case compel Defendant Hanson to bind himself to an admission based on a co-defendant's recollection. The Court therefore declines to compel Defendant Hanson to conduct a further investigation to supplement his response.

      Hanson Request for Admission No. 15:

      Admit that you showed the whiteboard photograph to members of the *Journal*'s staff prior to publication.

Doc. 161-1 at 31.

      Hanson Request for Admission No. 31:

      Admit that you communicated with Zuma Press to provide photographs that appeared in the *Journal* during the Original Period in Question.

Doc. 161-1 at 35.

      Hanson Request for Admission No. 32:

      Admit that you provided *Journal*-published images to third parties.

Doc. 161-1 at 35.

      Hanson Request for Admission No. 35:

>Admit that the Cannes photograph, in digital form, is on a server controlled by the
*Journal* from December 15, 2016 until the end of the Period in Question.

Doc. 161-1 at 36.

For the reasons stated above, the Court accepts Defendant Hanson's representation that he does not remember the events in question and lacks information to admit or deny the requests. The Court does not compel Defendant Hanson to make an inquiry of his former coworkers to investigate whether they have any recollection of these matters because their recollections would not be binding on Defendant Hanson.

### 3.    Denial or qualified denial

Finally, the Court addresses the motion to compel further responses to requests for admission which Defendant Walz and Hanson answered with a denial or qualified denial.

> Walz Request for Admission No. 20:

>Admit that the *Journal* had a permission's department during the Period in Question.

Doc. 154-1 at 33. Defendant Walz objected, and then responded as follows:

>Without waiving this objection, Defendant Walz states that Plaintiffs define "permissions" as "Obtaining copyright permission is the process of getting consent from a copyright owner to publish the owner's creative material." Based on this definition, Defendant Walz states that the *Journal*, at the time in question, did not have a department dedicated to this purpose.

Doc. 154-1 at 34.

Plaintiffs state they do not find the denial credible. Doc. 154 at 12. This is not a basis for a motion to compel; without more specific information contradicting the answer, the Court cannot compel Defendant Walz to change his answer based on whether Plaintiffs believe the answer or not. The motion to compel on this basis is denied.

Plaintiffs challenge the following answers from Defendant Hanson as evasive and request that he be compelled to provide non-evasive responses (Doc. 161 at 12-13):

Hanson Request for Admission No. 1:

Admit that you were the Acting Photo Editor of the *Journal* on December 15, 2016 when the Jacobs' Article including the Cannes photograph were first published.

Answer: Admitted in part. On that date, Morgan Petroski was the Photo Editor of the Albuquerque *Journal*, but she was on leave. Defendant Hanson was a photographer filling in for Ms. Petroski at that time.

Doc. 161-1 at 28.

Hanson Request for Admission No. 5:

Admit that as Acting Photo Editor you were responsible to make photo assignments.

Answer: Admitted in part. Defendant Hanson states that he had some responsibility to make photo assignments to *Journal* photographers, but was not the only person who decided on photo assignments. Any portion of this request not specifically admitted is denied.

Doc. 161-1 at 29.

The Court denies the motion to compel with respect to these requests. Rule 36 instructs that "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). The Court finds that Defendant Hanson's responses comply with this rule by either admitting, denying, or qualifying any admissions and denials. A motion to compel is not a vehicle to obtain a different answer because Plaintiffs are not satisfied with receiving denials and qualified denials. For the reasons stated above, the Court further denies Plaintiffs' request to amend the requests for admission to ask about specific follow-up matters with respect to each request.

17

B.    <u>Interrogatories</u>

The Court considers the interrogatories that are the subject of the motions to compel in sequential order by defendant, except that it groups related requests from the motions where appropriate.

<u>Walz Interrogatory No. 1</u>: This interrogatory asked who provided the information in the responses to the interrogatories, and Defendant Walz responded with his own name. Doc. 154-1 at 39. Plaintiffs move to compel Defendant Walz to "amend this response to include identities of any additional persons who may contribute to the Responses, based upon newly found information gained by his 'reasonable inquiry.'" Doc. 154 at 13. If another person provided Defendant Walz new information, he has a continuing duty to supplement. Fed. R. Civ. P. 26(e)(1). In the absence of any reason to believe supplementation was required but not provided, the Court does not grant Plaintiffs' motion to compel. The Court denies the request in Plaintiffs' reply brief pertaining to Hanson Interrogatory No. 1 for the same reasons. Doc. 172 at 12.

<u>Walz Interrogatory No. 3</u>:

> Identify, to the best of your recollection, each document, record, audio recording and person furnishing such document and ESI with regard to the Cannes photograph and Jacobs Article.

Doc. 154-1 at 40. Defendant Walz objected to this interrogatory as overbroad and in his response, argues that it attempts to sweep the entire case. The Court agrees. This interrogatory essentially asks for every document and document custodian relating to the subject matter of the lawsuit. As such, it is too broad. "Under our rules, parties to civil litigation are given broad discovery privileges. But with those privileges come certain modest obligations, one of which is the duty to state discovery requests with 'reasonable particularity.' All-encompassing demands of this kind take little account of that responsibility." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) (quoting Fed. R. Civ. P. 34(b)(1)(A)); *see also Moses v. Halstead*, 236

F.R.D. 667, 672 (D. Kan. 2006) ("[A] request or interrogatory is overly broad or unduly

burdensome on its face if it (1) uses an omnibus term such as 'relating to' or 'concerning,' and

(2) applies to a general category or group of documents or a broad range of information."); *Hilt*

*v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997) (interrogatories should not "indiscriminately

sweep an entire pleading").

      Walz Interrogatory No. 4: This interrogatory requested information on *Journal*

employees who were "responsible for permissions at the time of placement of any photograph in

the *Journal* and on its websites during the Period in Question." Doc. 154-1 at 40. Defendant

Walz responded that he "does not know this information." *Id.* Plaintiffs do not make any

arguments in support of enforcing the request as originally served, but instead attempt to rewrite

the request. For the reasons stated above, the Court denies the motion to enforce the rewritten

request.

      Plaintiffs make an identical argument with respect to Defendant Hanson's answer to the

similarly-worded Hanson Interrogatory No. 4. Doc. 161 at 20; Doc. 161-1 at 37. The Court

denies the motion to compel with respect to his answer for the same reasons.

      Walz Interrogatory No. 11:

> During your Period in Question at the *Journal*, please identify any *Journal* ethics
> violations or breaches by you or any of the *Journal* employees, including each of
> the Defendants, and if so, the resulting actions taken to correct such behavior by
> providing dates of the violations and describe any documents related to any
> actions.

Doc. 154-1 at 42. Defendant Walz objected to this request as overbroad and not relevant. The

Court agrees. Plaintiffs defined "Period in Question" in their discovery requests as "from first

time that you began employment at the Journal to present." Doc. 154-1 at 9. Walz states that,

based on this definition, the period would cover 37 years. Doc. 162 at 13. Identifying every

ethical violation committed within a 37-year period is not proportional to Plaintiffs' discrete

claims of trespass, invasion of privacy, and copyright violation in December 2016. *Cf. Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009) (disapproving of "'fishing expeditions' or an undirected rummaging through . . . records for evidence of some unknown wrongdoing").

    Walz Interrogatory No. 16:

> Describe your understanding of the term metadata in reference to photographic images.

Doc. 154-1 at 44. Defendant Walz answered that he "does not have an understanding of this term as defined." *Id.* Plaintiffs respond that it is not credible that "an editor of a regional newspaper, in this digital age," does not have an understanding of this term. Doc. 154 at 14. Defendant Walz fully responded to the interrogatory. Plaintiffs' disagreement with the credibility of his answer on its own is not grounds for a motion to compel.

    Walz Interrogatory No. 18:

> Please state in material or principal facts that support your contentions in your Affirmative Defenses 4, 5, 7, 8 and 11.

Doc. 154-1 at 44. Defendant Walz responded to this interrogatory setting forth his contentions and supporting facts or opinions about facts relating to each defense. *Id.* at 45. Plaintiffs disagree with these views and dispute the facts, and argue that the affirmative defenses are not likely to succeed on the merits. Doc. 154 at 15-18. The Court agrees with Defendant Walz that this disagreement as to the ultimate merits issues in the case is not a basis to compel further or different answers to a contention interrogatory. The Court denies the motion to compel a further response from Defendant Hanson to the identical Hanson Interrogatory No. 22 for the same reasons. Doc. 161 at 22-25.

    Walz Interrogatory No. 19:

> Please provide your understanding of the Federal copyright laws as stated in the Complaint.

Doc. 154-1 at 46. Defendant Walz objected to this interrogatory as overbroad and not seeking relevant information. *Id.* Although interrogatories may ask about the application of law to fact (contention interrogatories), interrogatories may not inquire into "issues of pure law." *Encon Int'l, Inc. v. Garrahan*, No. 11-2137, 2013 WL 12250907, at *1 (D. Kan. Jan. 16, 2013) (quoting 10A John Kimpflen et al., Federal Procedure, § 26:583 (an interrogatory seeking pure legal conclusions is not permissible, "the theory being that it is pointless to ask a layperson to expound legal theories")). Interrogatory No. 19 does not ask about Defendant Walz's contentions regarding the application of copyright law to any particular fact of this case. It asks for Defendant Walz's lay understanding of copyright law. This is an improper subject for an interrogatory.

In response to the following interrogatories, Defendant Hanson stated he has no recollection of the events and lacks the requested knowledge:

Hanson Interrogatory No. 6:

Please identify the name(s) of who placed the digitally edited Cannes photograph into the *Journal* digital page layout for the print edition. Please identify the name of the photo editing program(s) used in the photo department and the employee who edited the Cannes photograph.

Doc. 161-1 at 38.

Hanson Interrogatory No. 9:

Please identify the name(s) of the *Journal* webmaster(s) who handle the *Journal* website and *Journal* Facebook pages. Please include dates of service by each webmaster.

Doc. 161-1 at 39.

Hanson Interrogatory No. 10:

Please identify the titles, name(s) and duties at the *Journal* of those who were responsible for permissions at the time of placement of any photograph in the *Journal* and on any of its websites during the Original Period in Question.

Doc. 161-1 at 39.

> Hanson Interrogatory No. 13:
>
> Please identify the name(s) of who edited the digitized Cannes photograph and who placed the image into the *Journal* page layout for the print edition.

Doc. 161-1 at 39.

> Hanson Interrogatory No. 15:
>
> Please identify the name(s) of the *Journal* employee(s) who gave the assignment to Thompson for the Jacobs Article and also describe any instructions given him in advance of his arriving at the Jacobs' residence.

Doc. 161-1 at 40.

Plaintiffs argue that Defendant Hanson was required to make a reasonable inquiry before resting on a lack of knowledge. Doc. 161 at 20-21. Defendant Hanson argues "there is no inquiry required of Defendant Hanson to contact current or former employees of the *Journal* to track down information, especially when Plaintiffs have had the opportunity to obtain discovery from the *Journal* itself. No reasonable inquiry beyond his own memory is required of Defendant Hanson as a former employee . . . ." Doc. 170 at 11.

The Court agrees that the duty of reasonable inquiry does not encompass requesting information from former coworkers who are not parties. *S.E.C. v. Thrasher*, No. 92cv6987, 1996 WL 507318, at *3 (S.D.N.Y. Sept. 6, 1996) (a reasonable investigation encompasses a request for the information from an "individual or entity with which the responding party maintains a relationship that enables it readily to procure the required information"); *Neogenix Oncology, Inc. v. Gordon*, No. 14cv4427, 2017 WL 4233028, at *6 (E.D.N.Y. Sept. 22, 2017) (collecting case law for the proposition that "readily available" information does not encompass "*former* employees who no longer have any ties to their former employer and who are otherwise non-parties to the action").

But Defendant Hanson is incorrect that he has no duty to inquire of *anyone*. He must make a reasonable inquiry of codefendants and counsel. *Odom v. Roberts*, 337 F.R.D. 347, 352 (N.D. Fla. 2020) ("A reasonable inquiry generally includes requesting information from co-defendants and their counsel."); *Oklahoma v. Tyson Foods, Inc*., 262 F.R.D. 617, 629–30 (N.D. Okla. 2009) (collecting cases for the proposition that the duty to answer an interrogatory includes factual matters known to counsel). A reasonable inquiry encompasses, at the very least, simply asking for information to ascertain whether it is readily obtainable. Therefore, the Court orders Defendant Hanson to make a reasonable inquiry of his codefendants and counsel and supplement his answers to Interrogatory Nos. 6, 9, 10, 13, and 15 within 30 days of the date of this Order. If he has not obtained responsive information after this reasonable inquiry, he may state so in the supplement.

Hanson Interrogatory No. 20:

Please identify any relevant document that exists or once existed, that is responsive to a request for the production of documents, but that is not in your possession. For each such document, provide a summary of its contents and, if it was once in your possession, explain when and why it was disposed, destroyed, lost, or otherwise became unavailable.

Doc. 161-1 at 42.

Defendant Hanson responded that he does not possess responsive documents. *Id.* Plaintiffs represent that Defendant's counsel stated during meet and confer that Defendant Hanson would supplement this request. Doc. 160 at 22. In his response brief, however, Defendant Hanson continues to assert that he has no responsive documents. Doc. 170 at 11. As no responsive documents exist, there is nothing to supplement. The Court denies the request.

Hanson Interrogatory No. 21:

Do you and/or the *Journal* photo department provide training to your photo department employees regarding the *Journal* and your newsgathering standards?

a. if so, describe the training content, timing and duration.

b. if so, describe all documents and audio or visual materials used in such training.

c. if so, identify each person involved in providing such training.

During the Original Period in Question, please include training provided concerning the Federal Copyright laws.

Doc. 161-1 at 42. In response to the motion to compel, Defendant Hanson stated:

Defendant Hanson will supplement this response before Plaintiffs are required to file their reply brief. In doing so, Defendant Hanson's supplemental answer will be limited to that information available to him, and not that available to "the *Journal* photo department." Furthermore, although this Interrogatory is phrased in the present tense and thus seems to indicate that Plaintiffs are asking for information about current training, Defendant Hanson's supplementary response will be limited to the time of the publication of this article and a reasonable time period before that publication.

Doc. 170 at 12.

In reply, Plaintiffs state that the supplement was not provided before the reply brief was due. Doc. 172 at 14.[5] The Court further notes that Defendant Hanson has not filed a certificate of service on the docket indicating the service of supplemental responses. Because Defendant Hanson represented to the Court that he would supplement this response in the limited way described in the response, but has not done so, the Court orders him to do so within 30 days of the date of this order.

---

[5] Plaintiffs also object because the limitation "'to the time of the publication of this article and a reasonable time period before that publication' . . . is unacceptable by Plaintiffs as they require information on training during the entire time he was employed at the *Journal*." Doc. 172 at 15. (Although the reply brief discusses this in the context of Request for Production No. 3, the Court assumes Plaintiffs meant to discuss Interrogatory No. 21.) Plaintiffs do not justify the broad time scope of the request. The Court orders a supplement only with respect to the material Defendant Hanson represented to the Court he would provide.

C.      Requests for Production

The Court considers the requests for production that are the subject of the motions to

compel in sequential order by defendant, except that it groups related requests from the motions

where appropriate.

Walz Request for Production No. 5:

> Please provide all emails, text messages, letters, all voice mail recordings in CD
> or flash drive format, or communications of any kind, whether prepared or
> received by you, that relate in any way to any of the allegations contained in
> Plaintiffs' Complaint.

Doc. 154-1 at 48. Defendant Walz objected, and notwithstanding the objection, responded: "he

does not have any materials responsive to this request other than communications with his

attorneys, which are protected by the attorney-client privilege." *Id.* Plaintiffs move to compel the

production of a privilege log. Doc. 154 at 18-19. As another judge in this District stated, a

"facially overbroad and overburdensome" request "justifies [any] failure to produce the detailed

privilege log" the opposing party sought. *Castillo v. Villa*, No. 15cv344, 2016 WL 10592207, at

*6 (D.N.M. Jan. 22, 2016). The court elaborated:

> This interrogatory is a "catch-all" request, seeking every single statement made by
> anyone at any time regarding anything to do with Plaintiff's complaint, including
> numerous statements that are obviously privileged. In particular, requiring
> Plaintiff to log with particularity each and every responsive confidential
> communication between her and her attorneys would be both overburdensome
> and pointless, because Defendants have failed to identify any possible basis on
> which Plaintiff may have waived the attorney-client privilege protecting such
> communications. Thus, the Court will require Plaintiff to produce neither the
> attorney-client communications themselves nor a detailed log of them.

*Id.*

The Court agrees with Defendant Walz that producing a privilege log of every email with

his attorneys would be burdensome and not proportional to the needs of the case as there is no

reason to believe such a log would likely lead to information relevant to a privilege dispute. The

Court likewise denies the motion to compel a privilege log from Defendant Hanson in response to the identical Request for Production No. 6. Doc. 161 at 26.

> Walz Request for Production No. 8:
>
> You are requested to provide any and all biographies and resumes, employment application forms and letters provided to the *Journal* by co-Defendants as a consideration of employment with the *Journal* during the Period in question.

Doc. 154-1 at 49. Defendant Walz objected, and notwithstanding the objection, responded: "he does not have any materials responsive to this request in regard to his own employment." *Id.*

Plaintiffs move to compel, but do not make any arguments with respect to the request as originally phrased. In the motion to compel, Plaintiffs rephrase the request and ask the Court to compel Defendant Walz to produce "any and all biographies and resumes, employment application forms and letters created at any time after your original employment by the *Journal*." Doc. 154 at 19. As explained above, a motion to compel is not a procedure for rephrasing discovery questions as a follow-up to the initial answer. Nor do Plaintiffs explain why Defendant Walz's post-*Journal* experience is relevant to the claims or defenses in this case. The Court denies the motion to compel.

> Hanson Request for Production No. 3:
>
> Please produce all correspondence or other documents relating to communications to or from you, your successors, your predecessors, your agent(s), your employees, and/or your representative(s), relating to the creation, production, copyright usage, distribution and/or exploitation in any form or format of any and all versions of the image entitled "Cannes photograph." Also provide all voice mail recordings in CD format.

Doc. 161-1 at 45. In the motion to compel, Plaintiffs rewrite the request as follows:

> Please produce all correspondence or other documents relating to communications to or from you, relating to the creation, production, copyright usage, distribution and/or exploitation in any form or format of any and all versions of the image entitled "Cannes photograph."

Doc. 161 at 25-26. In response, Defendant Hanson stated that he "is willing to provide a response to the newly-offered Request No. 3, and can do so before the time expires for Plaintiffs to provide their reply brief. In doing so, Defendant reserves the right to object as necessary to the new request, including objections based on privilege." Doc. 170 at 12-13. Again, Plaintiffs state in reply that the supplement has not been provided. Doc. 172 at 15. Because Defendant Hanson represented to the Court that he would supplement as described, the Court orders him to do so within 30 days of the date of this order.

     D.    <u>Thompson Document Requests</u>

Plaintiffs move to compel responses from Defendant Thompson to Document Requests Nos. 7 and 9 that accompanied a Notice of Deposition. Doc. 157 at 8. The parties dispute whether Plaintiffs' document requests were timely. Doc. 164 at 5-8; Doc. 171 at 1-2. The Court does not reach this issue because both parties agree Defendant Thompson testified in his deposition that he does not have any responsive documents. Doc. 157 at 2; Doc. 164-1 at 7-8. The Court cannot compel a defendant to produce something he does not have.

Request No. 7 requested "Any and all communications between you and any other party(ies), not limited to emails, texts, messaging, notes, social media posts, concerning the Jacobs' assignment." Doc. 157 at 8. Although Defendant Thompson testified that he has no responsive documents, Plaintiffs request the production of a privilege log. *Id.*; Doc. 171 at 2. The Court denies this request for the reasons stated above with respect to Walz Request for Production No. 5 and Hanson Request for Production No. 6. The Court denies the motion to rewrite the request for the reasons stated above.

Request No. 9 requested "Defendant Thompson's current or latest biography and resume." Doc. 157 at 8. Defendant Thompson explains that he has been retired for three years and has no such documents. Doc. 164 at 4. Plaintiffs argue that before Defendant retired, he must

have had such materials when applying to jobs at the *Journal* and the Associated Press. Doc. 171 at 2. Even if Plaintiff's assumption of what Defendant Thompson had before he retired is correct, this does not mean he still has any such materials, and a party is not obliged to create documents in response to a request for production. The Court denies the motion to compel a response from Defendant Hanson to the identical Request for Production No. 8 for the same reasons. Doc. 161 at 27.

<u>**CONCLUSION**</u>

Plaintiffs['] Motion To Compel Full And Complete Discovery Responses From Defendant Kent Walz (Doc. 153); Plaintiffs['] Motion To Compel Production Of Documents From Defendant James Thompson's Deposition (Doc. 156); and Plaintiffs['] Motion To Compel Full And Complete Discovery Responses From Defendant Dean Hanson (Doc. 160) are DENIED IN PART AND GRANTED IN PART.

1.      Within 30 days of the date of this Order, Defendant Walz shall answer Request for Admission Nos. 8, 9 and 12 as clarified by the Court in this Memorandum Opinion;

2.      Within 30 days of the date of this Order, Defendant Hanson shall answer Request for Admission Nos. 8, 22, and 28 as clarified by the Court in this Memorandum Opinion;

3.      Within 30 days of the date of this Order, Defendant Hanson shall supplement his responses to Interrogatory No. 21 and Request for Production No. 3 as described in his response brief;

4.      Within 30 days of the date of this Order, Defendant Hanson shall make a reasonable inquiry of his codefendants and counsel and supplement his answers to Interrogatory Nos. 6, 9, 10, 13, and 15;

5.      Defendants shall file a certificate of service on the docket reflecting the

supplementation; and

6.      Plaintiffs' remaining requests are denied.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE