IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

    Plaintiffs,

v.                                                                                                  Case No. 1:21-cv-00690-MV-SCY

THE JOURNAL PUBLISHING COMPANY
d/b/a/ THE ALBUQUERQUE JOURNAL,
WILLIAM P. LANG, NICHOLE PEREZ,
JAMES THOMPSON, ELISE KAPLAN,
KAREN MOSES, DEAN HANSON, KENT
WALZ, and DOES 1 THROUGH 20,
INDIVIDUALLY OR JOINTLY AND SEVERALLY,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO AMEND

This matter comes before the Court on Plaintiffs' Motion for Leave to File Fourth Amended Complaint. Doc. 179. The Court finds, under Rule 15, that Plaintiffs' request to amend is unduly delayed and would cause undue prejudice and, under Rule 16, that Plaintiffs do not show good cause for an extension of the amendment deadlines. As such, the Court denies the motion to amend.

### BACKGROUND

Plaintiffs Michael Jacobs and Ruby Handler Jacobs filed this lawsuit on July 26, 2021, alleging that the Albuquerque Journal published a defamatory article about them that included a copyrighted photograph that was stolen from a frame in their home. Doc. 1. They named as defendants the Journal Publishing Company d/b/a The Albuquerque Journal ("the Journal"), Does 1-20, and five Journal employees: William Lang (publisher); Nichole Perez (journalist);

James Thompson (photographer); Elise Kaplan (staff writer); and Karen Moses (editor in chief). *Id.* The complaint included 11 causes of action: (1) copyright infringement per se; (2) contributory copyright infringement; (3) copyright management infringement; (4) plagiarism; (5) trespass per se; (6) trespass of chattel per se; (7) conversion per se; (8) defamation per se; (9) invasion of privacy, right to publicity and false light per se; (10) negligence per se; and (11) negligent infliction of emotional distress. *Id.* Defendants appeared in the case and moved to dismiss all but count 1 of the complaint. Doc. 30. The Court granted the motion, dismissing counts 2-11 without prejudice. Docs. 49, 52.

While dismissing certain counts from Plaintiffs' original complaint, the Court also granted Plaintiffs leave to file a motion to amend the complaint, to be filed by August 15, 2022. Doc. 52 at 10. Instead of filing a motion to amend by that deadline, on August 16, 2022 Plaintiffs filed an amended complaint. Doc. 54. The amended complaint named the same defendants as the original (the Journal Publishing Company, Lang, Perez, Thompson, Kaplan, Moses, and Does 1-20) and adds three additional defendants, who were also Journal employees: Dean Hanson (photo editor), Kent Walz (editor in chief), and Morgan Petroski (photo editor). *Id.* ¶¶ 13-23. The amended complaint alleged mostly the same causes of action with three exceptions: count 4 (plagiarism) was removed; count 10 was changed to civil conspiracy (from negligence per se); and count 11 was changed to intentional infliction of emotional distress (from negligent infliction of emotional distress). *Id.* at 25-32.

Defendants moved to strike the amended complaint, noting that Plaintiffs did not seek or receive leave of the Court to file it. Doc. 55. In response, Plaintiffs filed a motion for leave to file a second amended complaint, attaching to their motion the proposed second amended complaint. Doc. 56. The proposed second amended complaint named the same defendants as the amended

complaint (including the three new defendants). Doc. 56-1. And, in addition to the counts alleged in the amended complaint, the proposed second amended complaint added two invasion of privacy counts: intrusion upon seclusion and public disclosure of private facts. *Id.* Defendants opposed the motion to amend as untimely, or should the Court excuse the late filing, requested additional time to provide a substantive response to the motion to amend. Doc. 60. On October 12, 2022, the Court struck the amended complaint (Doc. 54) and granted Defendants additional time to file a substantive response to Plaintiffs' motion for leave to file the second amended complaint. Doc. 63. The parties further briefed the motion to amend, and Defendants argued that some of the causes of action in the proposed second amended complaint failed to state a claim. Doc. 66. The Court granted the motion to amend in part, allowing Plaintiffs to amend the complaint with the exclusion of several futile claims. Docs. 70, 77.

Thus, on July 29, 2023, Plaintiffs filed the operative third amended complaint and its exhibits. Docs. 79, 80. The complaint names as defendants the Journal, eight of its employees, and Does 1-20. Doc. 79. It brings nine causes of action: (1) copyright infringement per se; (2) contributory copyright infringement; (3) copyright management infringement and the DMCA; (4) intentional tort of trespass per se; (5) intentional tort of trespass of chattel per se: (6) intentional tort of conversion per se; (7) invasion of privacy tort, intrusion upon seclusion; (8) invasion of privacy tort, public disclosure of private events; and (9) intentional infliction of emotional distress.

On September 26, 2023, the Court held a scheduling conference and set case management deadlines, including Plaintiffs' deadline to move to add additional parties and amend pleadings, set for November 3, 2023, and the termination date for discovery, set for February 28, 2024. Doc. 91. At the scheduling conference, Plaintiffs indicated that they would

seek discovery on the John Doe defendants in order to name them. Doc. 93. At the request of the parties, the Court later extended the deadline to complete discovery to April 15, 2024. Doc. 116. On April 17, 2024, Plaintiffs filed an opposed motion, seeking to extend the discovery and motion deadlines by 30 days. Doc. 126. The Court denied in part the motion, finding that Plaintiffs failed to show good cause for a general extension of all discovery. Doc. 132 at 2. The Court also granted the motion in part, granting Plaintiffs an extension of time to conduct limited discovery in relation to certain Defendants. *Id.* at 2-4. Specifically, the Court ordered the depositions of Defendants Thompson and Lang and that Defendants Hanson and Walz respond to written discovery. *Id.* at 5; *see also* Doc. 173 (Order on motions to compel further discovery responses from Defendants Walz, Hanson, and Thompson).

On November 28, 2024, Plaintiffs filed the present motion for leave to file their fourth amended complaint. Doc. 179; *see also* Doc. 183 (response); Doc. 184 (reply). Instead of attaching their proposed fourth amended complaint to the motion, Plaintiffs filed it as a separate entry on the docket. Doc. 180. This matter is fully briefed and ready for a decision.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), once the time for amending a pleading as a matter of course has expired, a party may only amend a pleading "with the opposing party's written consent, or the court's leave." "The court should freely give leave when justice so requires." *Id.* The motivation underlying this rule is to "provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted). However, a court may deny leave based on reasons such as undue delay, bad faith, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The "most important[] factor in

4

deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). The district court's decision is discretionary. *See Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) (court of appeals generally reviews "for abuse of discretion a district court's denial of leave to amend a complaint").

Here, because the deadline established by the Court for amendments has passed,[1] the movant must also establish good cause under Rule 16(b)(4) to amend the scheduling order. Fed. R. Civ. P. 16(b)(4) (a scheduling order may be modified "only for good cause and with the judge's consent."); *see also Gorsuch Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014). Indeed, this Court's Scheduling Order reminded the parties that

> Federal Rule of Civil Procedure 16 requires that the Court set a deadline for amendment of pleadings and joinder of parties. A party seeking to amend the pleadings after the above dates must both demonstrate good cause to amend the scheduling order as required by Federal Rule of Civil 16(b) and satisfy the requirements for amendment under Federal Rule of Civil Procedure 15(a).

Doc. 91 at 2 n.1 (citing *Gorsuch*, 771 F.3d at 1242).

The good cause standard requires the movant "to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch*, 771 F.3d at 1240 (quotations omitted). In this way, "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque*

---

[1] In their reply, Plaintiffs state that "the extended deadline for amending the complaint and adding parties has not passed." Doc. 184 at 1 (citing Doc. 91 at 2 n.2). However, as indicated in the document Plaintiffs cite, the deadline for Plaintiffs to move to amend and add additional parties expired on November 3, 2023. Doc. 91. Although the Court later extended other deadlines, such as the discovery deadline, it did not extend the amendment deadline. Doc. 116.

*Pub. Sch.*, No. CIV 02-1146 JB/LFG, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007). Examples of good cause include "if a plaintiff learns new information through discovery or if the underlying law has changed." *Gorsuch*, 771 F.3d at 1240. If, however, "the plaintiff knew of the underlying conduct but simply failed to raise tort claims, . . . the claims are barred." *Id.*

## ANALYSIS

The proposed fourth amended complaint seeks to add seven defendants: Journal Holding Company, which Plaintiffs describe as the "umbrella company for the Journal and its employees," Doc. 180 ¶ 17; Brian Fantl, former Senior Vice President, Chief Operating Officer, and General Manager of the Journal; Nick Pappas, an employee of the Journal; Donn Friedman, former Assistant Editor in charge of the Journal's website; Joe Leong, Vice President and Chief Revenue Officer of the Journal; Meta Platforms, Inc., formally known as Facebook, Inc.; and Pressreader, Inc. Doc. 180 ¶¶ 15-30. It also seeks to add five causes of action: tort of negligence per se (count 10); torts of gross negligence and professional negligence (count 11); invasion of privacy tort, false light (count 12); secondary infringement and vicarious liability (count 13); and violations of the DMCA Take Down Notice 17 U.S.C. § 512 (count 14). *Id.* ¶¶ 233-60.

The Court finds that Plaintiffs' proposed amendment is unduly delayed and that Plaintiffs have failed to show good cause for an extension of the amendment deadline. At the time Plaintiffs filed the present motion to amend, this case had been pending for over three years, the amendment deadline had been expired for over a year, and the discovery deadline had been closed for over seven months. Plaintiffs justify the delay in filing the present motion to amend by explaining that they "did not discover the names and duties of additional defendants until after the two depositions and completion of the motions to compel." Doc. 184 at 3; *see also id.* at 4, 5 (repeating the conclusory allegation that they have alleged newly discovered information in the

proposed fourth amended complaint). Indeed, following several discovery Orders, Plaintiffs deposed Defendant Hanson on June 4, 2024 and Defendant Lang on August 12, 2024, Doc. 183 at 2 n.2, and Defendants Hanson and Walz responded to written discovery, or provided supplemental responses, from June 2024 through November 22, 2024. Docs. 137, 144, 174, 176.

Plaintiffs, however, largely fail to specify what new information they learned in that discovery that would justify the proposed amendment. For example, the only specific discovery response Plaintiffs point to is Interrogatory No. 1, arguing that Defendants were dilatory in identifying who provided information to answer their discovery requests. Doc. 184 at 2. But a response to that interrogatory (i.e., a list of names of people who helped respond to discovery questions) would not support the amendments Plaintiffs are now seeking. And the only specific new information that Plaintiffs allege they learned in the recent discovery is that "Fantl is the 'voice' of the Journal," learned during Defendant Lang's August 12, 2024 deposition. Doc. 184 at 3. Yet Plaintiffs fail to address the other six individuals and companies that they now seek to add as defendants and fail to explain what new information learned in the recent, limited discovery justifies adding these new defendants. To the contrary, Plaintiffs have been aware of their claims against at least two of those defendants, Facebook and Pressreader, since 2020. *See* Doc. 180 ¶ 105(c), (e) (proposed fourth amended complaint, alleging that Plaintiffs discovered on August 20, 2020 that Facebook had published the challenged photograph and on February 3, 2020 that Pressreader had published it). Plaintiffs also fail to explain why they could not obtain the alleged new information earlier, through discovery directed at any of the other defendants (including discovery to the Journal itself), and have thus failed to show that they were diligent in attempting to meet the amendment deadline.

As to the new claims Plaintiffs seek to add, they argue that they "have alleged newly discovered acts to support the inclusion of each claim." Doc. 184 at 9. Plaintiffs repeat the argument that the recent depositions of Defendants Thompson and Long provided new facts to support their new claims, but again, largely fail to explain what that new information was or why they could not uncover it until the Thompson and Long depositions.

The only new piece of information Plaintiffs do point to relates to the proposed claim of invasion of privacy/false light. Plaintiffs previously included this claim in their original complaint, and the Court dismissed it, finding that the complaint only perfunctorily referred to the photograph at issue as "negative imagery," but that Plaintiffs failed to explain what false characteristics are attributed to them from the photograph or the article. Doc. 49 at 16; *see also Moore v. Sun Pub. Corp.*, 1994-NMCA-104, ¶ 30, 118 N.M. 375, 383 ("False light invasion of privacy" is a single tort under New Mexico law and occurs when an individual is "given unreasonable and highly objectionable publicity that attributes to him characteristics, conduct or beliefs that are false, and so is placed before the public in a false position.") (citation omitted). In the present briefing, Plaintiffs explain that they learned new information to establish this claim: "Defendant Thompson testified at his June 5, 2024 deposition that he knew and believed that the Cannes photograph had 'nothing' to do with the NY Case or the Jacobs article." Doc. 184 at 10. But the fact that Defendant Thompson did not believe the Cannes photograph was related to the NY case or the article still does not explain what false characteristics are attributed to Plaintiffs from the photograph. Accordingly, the new information Plaintiffs assert they learned during Defendant Thompson's deposition does not support their request to amend.

Related to the undue delay of the proposed fourth amended complaint is the factor of prejudice to Defendants. This case has been pending for more than three years, the parties have

8

narrowed the claims though a motion to dismiss and motion to amend, and discovery has closed. Adding new defendants, including two defendants (Facebook and Pressreader) who are totally unrelated to the Journal defendants, and new causes of action at this stage would essentially require the case to start over from the beginning with new rounds of motions to dismiss and discovery. Such a redo would unduly prejudice Defendants who are ready to proceed with dispositive motions or trial.

In sum, the Court finds that, under Rule 15, Plaintiffs' request to amend is unduly delayed and would cause undue prejudice and, under Rule 16, that Plaintiffs do not show good cause for an extension of the amendment deadlines because they fail to show diligence.[2]

## CONCLUSION

For the above-stated reasons, the Court DENIES Plaintiffs' Motion for Leave to File Fourth Amended Complaint (Doc. 179).

In filing this motion, instead of attaching the proposed fourth amended complaint to the motion as required by Local Rule 15.1, Plaintiffs filed it as a separate docket entry that purports to be a duly-filed complaint, rather than a proposed complaint. Doc. 180. As such the Court STRIKES the Fourth Amended Complaint (Doc. 180) from the docket.

_____
MARTHA VAZQUEZ
Senior United States District Judge

---

[2] Because the Court denies the motion to amend for these reasons, it need not address Defendants' argument that the proposed fourth amended complaint violates Rule 8's requirement that a complaint set forth a short and plain statement of the claims.

9