IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

    Plaintiffs,

v.                                                          Case No. 1:21-cv-00690-MV-SCY

THE JOURNAL PUBLISHING COMPANY
d/b/a/ THE ALBUQUERQUE JOURNAL,
WILLIAM P. LANG, NICHOLE PEREZ,
JAMES THOMPSON, ELISE KAPLAN,
KAREN MOSES, DEAN HANSON, KENT
WALZ, and DOES 1 THROUGH 20,
INDIVIDUALLY OR JOINTLY AND SEVERALLY,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING SECOND MOTION TO AMEND

This matter comes before the Court on Plaintiffs' Motion for Leave to File Fourth Amended Complaint. Doc. 189. This is the second, identically-titled motion that Plaintiffs have filed. *Cf.* Doc. 179. The Court previously denied Plaintiffs' request to file a fourth amended complaint because Plaintiffs' request to amend was unduly delayed, would cause undue prejudice and because, under Rule 16, Plaintiffs did not show good cause for an extension of the amendment deadlines. Doc. 185. Plaintiffs have now filed a second motion requesting the same relief. Defendants oppose the motion, Doc. 193, Plaintiffs did not file a reply, and their time to do so has expired. The Court treats the motion as a request for reconsideration and, as such, denies it.

The Court has discretion to reopen "every order short of a final decree." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other

decision, however designated that adjudicates fewer than all the claims or the rights and liability of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Tenth Circuit has indicated that a district court faced with a Rule 54(b) motion to reconsider may use the standards for reviewing a motion to alter or amend a judgment under Rule 59(e) to guide its analysis. *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013).

Under the Rule 59(e) standards, a court may grant a motion for reconsideration in three circumstances: "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). In other words, a motion to reconsider should do more than simply restate the position that was unsuccessfully advanced by the party in the initial motion, and should not advance new arguments that could have been raised in the initial motion.

Plaintiffs do not identify a legal basis for the request for reconsideration, let alone demonstrate that any of these three circumstances exist. Instead, they elaborate on many of the same arguments that they raised previously. For example, they take issue with Defendants' discovery responses, *e.g.*, Doc. 189 at 2, 6, but the time to file motions relating to discovery has long expired. Further, Plaintiffs contend that they learned new information in discovery justifying the amendment, Doc. 189 at 13-18, but do not explain why they could not have presented these facts and arguments to the Court in support of their first motion to amend.

Accordingly, the Court finds no basis to reconsider its prior order.

THEREFORE, IT IS ORDERED THAT Plaintiffs' Motion for Leave to File Fourth Amended Complaint (Doc. 189) is **DENIED**.

DATED this 25th day of August 2025.

_____
MARTHA VAZQUEZ
Senior United States District Judge