**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

Plaintiffs,

v. Case No. 1:21-cv-00690-MV-SCY

THE JOURNAL PUBLISHING COMPANY
d/b/a/ THE ALBUQUERQUE JOURNAL,
WILLIAM P. LANG, NICHOLE PEREZ,
JAMES THOMPSON, ELISE KAPLAN,
KAREN MOSES, DEAN HANSON, KENT
WALZ, and DOES 1 THROUGH 20,
INDIVIDUALLY OR JOINTLY AND SEVERALLY,

Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR RECONSIDERATION**

This matter comes before the Court on Plaintiffs' Motion for Reconsideration of the Court's Order Denying Leave to Amend the Amended Complaint and to Seek the Court's Permission to File Their Reply to Defendants' Doc. 193 Due to Excusable Neglect [Doc. 233]. The Court twice has denied Plaintiffs' requests to file a fourth amended complaint because Plaintiffs' requests to amend were unduly delayed, would cause undue prejudice and because, under Rule 16, Plaintiffs have failed to show good cause for an extension of the amendment deadlines. Docs. 185, 231. Plaintiffs have now filed a third motion requesting the same relief. Defendants oppose the motion, Doc. 234, and Plaintiffs filed a reply, Doc. 236. The Court denies Plaintiffs' reiterated request for reconsideration and their request to file a reply to their April 4, 2025 motion (Doc. 189), upon which the Court has already ruled.

The Court has discretion to reopen "every order short of a final decree." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated that adjudicates fewer than all the claims or the rights and liability of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Tenth Circuit has indicated that a district court faced with a Rule 54(b) motion to reconsider may use the standards for reviewing a motion to alter or amend a judgment under Rule 59(e) to guide its analysis. *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013).

Under the Rule 59(e) standards, a court may grant a motion for reconsideration in three circumstances: "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). In other words, a motion to reconsider should do more than simply restate the position that was unsuccessfully advanced by the party in the initial motion, and should not advance new arguments that could have been raised in the initial motion.

Plaintiffs do not identify a legal basis for the request for reconsideration, let alone demonstrate that any of these three circumstances exist. Instead, just as they did in support of their Motion for Leave to File Fourth Amended Complaint, Doc. 189, they improperly elaborate on the same arguments that they raised previously. Plaintiffs fail to specify what new information Plaintiffs learned in discovery that would justify the proposed amendment, or

explain why they could not have obtained the alleged new information earlier. *See* Doc. 185 at 7; Doc. 231 at 2. Accordingly, the Court finds no basis to reconsider its prior order.

Additionally, adding new defendants and causes of action would essentially require the case to start over from the beginning with new rounds of motions to dismiss and discovery, resulting in undue prejudice to Defendants. This is particularly true now, as the parties' cross motions for summary judgment have been fully briefed and addressed in Judge Khalsa's PFRD, Doc. 237 objections to which Plaintiffs have already indicated their intention to file. Docs. 239, 241.

The Court also declines to grant Plaintiffs' request to file a reply to their April 4, 2025 motion. The Court has already ruled on that motion, *see* Doc. 231, and accordingly, their request is moot.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion for Reconsideration of the Court's Order Denying Leave to Amend the Amended Complaint and to Seek the Court's Permission to File Their Reply to Defendants' Doc. 193 Due to Excusable Neglect [Doc. 233] is **DENIED** in its entirety.

DATED this 10th day of September 2026.

MARTHA VÁZQUEZ
Senior United States District Judge